**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 29, 2004**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                  No. 122271

RICHARD A. KIMBLE,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

MARKMAN, J.

We granted leave to appeal to consider whether defendant is entitled to resentencing where the trial court improperly scored offense variable 16 (OV 16), MCL 777.22(1). Defendant's minimum sentence, as a result, exceeds the appropriate sentencing guidelines range, and the trial court did not articulate a substantial and compelling reason for this departure. Defendant did not argue that OV 16 should not be scored until filing his application for leave to appeal with the Court of Appeals. The Court of Appeals concluded that defendant is entitled

to resentencing because the scoring of OV 16 was plain error.  We affirm the decision of the Court of Appeals.

I. FACTS AND PROCEDURAL HISTORY

Defendant shot and killed the victim so he could steal the car she was driving for its wheel rims.  Following a bench trial, defendant was convicted of second-degree murder and possession of a firearm while committing or attempting to commit a felony (felony-firearm).  The trial court sentenced defendant to consecutive prison terms of thirty to seventy years for the second-degree murder conviction and two years for the felony-firearm conviction.  The issue here pertains only to defendant's sentence for second-degree murder.

At sentencing, defendant argued that OV 16, which considers the "property obtained, damaged, lost or destroyed," should be scored at one point because the stolen car had a value of $200 or more, but not more than $1,000, while the prosecutor argued that OV 16 should be scored at five points because the stolen car had a value of $1,000 or more, but not more than $20,000.  The trial court scored OV 16 at five points.  Without the five points, the appropriate minimum sentence range would have been 180 to 300 months, but, with the five points, the minimum sentence

2

range was 225 to 375 months.[1]  The trial court sentenced defendant to a minimum term of 360 months for second-degree murder.

Defendant appealed, arguing that OV 16 should not even have been scored because it is only to be scored in crimes against the person if the offense is home invasion.  MCL 777.22(1).  The prosecutor agreed that it should not have been scored, but argued that defendant waived the error.

The Court of Appeals unanimously affirmed defendant's convictions, but, in a split decision, remanded for resentencing.[2]  We granted the prosecutor's application for leave to appeal and held defendant's cross-application in abeyance.[3]

## II. STANDARD OF REVIEW

This case presents an issue involving the interpretation of a statute and a court rule, which is a question of law that we review de novo.  *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002).

---

[1] If OV 16 were scored at one point, as defendant argued at sentencing, the minimum sentence range would have been 180 to 300 months.

[2] 252 Mich App 269; 651 NW2d 798 (2002).

[3] 468 Mich 870 (2003).

III. ANALYSIS

Under the statutory sentencing guidelines, the trial court must score the applicable offense and prior record variables to determine the appropriate range for the minimum sentence. When the sentencing offense is a "crime against a person," as in this case, OV 16 is to be scored only where the sentencing offense is home invasion or attempted home invasion. MCL 777.22(1). The sentencing offense in this case is second-degree murder. Therefore, the trial court clearly erred in scoring OV 16. Although defendant argued at sentencing that OV 16 should be scored at one point instead of five points, defendant did not raise the argument that OV 16 should not have been scored at *all* until he filed his application for leave to appeal with the Court of Appeals. An objection based on one ground is usually considered insufficient to preserve an appellate attack based on a different ground. *People v Bushard*, 444 Mich 384, 390 n 4; 508 NW2d 745 (1993).

MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy

4

of information relied upon in determining a
sentence that is within the appropriate
guidelines sentence range unless the party has
raised the issue at sentencing, in a proper
motion for resentencing, or in a proper motion to
remand filed in the court of appeals.

The Court of Appeals majority concluded that § 34(10) precludes appellate review if the sentence is within the appropriate guidelines range and the party failed to raise the issue at sentencing, in a motion for resentencing, or in a motion to remand. However, § 34(10) does not preclude appellate review if the sentence is outside the appropriate guidelines range, even if the party failed to raise the issue at sentencing, in a motion for resentencing, or in a motion to remand. Accordingly, the majority concluded that appellate review is not precluded in this case because the sentence here is outside the appropriate guidelines range.

The Court of Appeals dissent, on the other hand, concluded that a scoring error resulting in a sentence that is outside the appropriate guidelines sentence range is not appealable under § 34(10) unless it was raised at sentencing, in a motion for resentencing, or in a motion to remand. By contrast, a sentence that is outside the appropriate guidelines sentence range because inaccurate information was relied upon is appealable even if it was

5

not raised at sentencing, in a motion for resentencing, or in a motion to remand.

We agree with the Court of Appeals majority that there is no basis in the statute for treating these two types of challenges differently. We also agree with the Court of Appeals majority that, pursuant to § 34(10), a sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand. However, if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand.

Under the Court of Appeals dissent's view and the view of the dissenting justices of this Court, a scoring error that results in a sentence that is outside the appropriate guidelines sentence range would not be appealable unless it was preserved in one of the ways listed in the second sentence of § 34(10). We respectfully disagree. The first sentence of § 34(10) provides that a sentence that is within the appropriate guidelines sentence range is not appealable unless there was a scoring error or inaccurate

6

information was relied upon.  The necessary corollary of this statement is that a sentence that is *outside* the appropriate guidelines sentence range *is* appealable.

The second sentence of § 34(10) provides that, even though a sentence that is within the appropriate guidelines sentence range can be appealed if there was a scoring error or inaccurate information was relied upon, it can only be appealed if the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand.  In other words, the second sentence simply describes *how* a party must preserve a challenge to a sentence that is within the appropriate guidelines sentence range; it says nothing about a challenge to a sentence that is outside the appropriate guidelines sentence range.[4]

---

[4] The dissenting justices argue that the first and second sentences of the statute address two totally different issues: the first sentence addresses under what circumstances the Court of Appeals may remand for resentencing, while the second sentence addresses under what circumstances a party may appeal. *Post* at 4.  The first sentence states that "the court of appeals shall affirm that sentence and shall not remand for resentencing . . . ." § 34(10).  The second sentence states that "[a] party shall not raise on appeal . . . ." *Id*.  If the Court of Appeals must affirm the sentence, pursuant to the first sentence, the appellant will not enjoy relief.  Likewise, if the appellant is unable to raise appellate issues, pursuant to the second sentence, the appellant will not enjoy relief.  Although these sentences are worded differently, they both pertain to the same issue, namely,
(continued…)

7

Because defendant's sentence is outside the appropriate guidelines sentence range, his sentence is appealable under § 34(10), even though his attorney failed to raise the precise issue at sentencing, in a motion for resentencing, or in a motion to remand. However, because defendant failed to raise the argument that OV 16 is not applicable at all until his application for leave to appeal with the Court of Appeals, defendant must satisfy the plain error standard set forth in *People v Carines,* 460 Mich 750, 763; 597 NW2d 130 (1999). That is, defendant must show that

> 1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. [*Id.* at 763.]

In addition, defendant must show that the "error resulted in the conviction of an actually innocent defendant" or that the "error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings . . . .'" *Id.* (citation omitted).

---

(…continued)
the circumstances under which a person may obtain sentencing relief.

First, as explained above, there was clearly error in this case and the prosecutor concedes that the trial court erred in scoring OV 16. Second, the error was plain and the prosecutor concedes that the error was plain. MCL 777.22(1) could not be more clear that OV 16 is simply not to be scored where the sentencing offense is second-degree murder. Third, defendant was clearly prejudiced by this error. As a result of the error, defendant received a sentence five years in excess of that permitted by the properly scored sentencing guidelines. Finally, this error "seriously affect[ed] the fairness, integrity [and] public reputation of judicial proceedings." *Id*. It is difficult to imagine what could affect the fairness, integrity and public reputation of judicial proceedings more than sending an individual to prison and depriving him of his liberty for a period longer than authorized by the law.[5] Accordingly, defendant is entitled to resentencing under § 34 (10).

---

[5] The dissenting justices conclude that "the scoring error does not qualify as plain error that seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings . . . ." *Post* at 5. We respectfully disagree, and believe that sending a person to prison for a term several years in excess of what is permitted by the law sufficiently constitutes a plain error that seriously affects the fairness, integrity or public reputation of a judicial proceeding.

The Court of Appeals dissent concluded that even if §

34(10) does not preclude relief, MCR 6.429(C) does.  MCR

6.429(C) provides:

> A party may not raise on appeal an issue challenging the accuracy of the presentence report or the scoring of the sentencing guidelines unless the party has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy could reasonably have been discovered.  Any other challenge may be brought only by motion for relief from judgment under subchapter 6.500.

We agree with the Court of Appeals dissent that, under this

court rule, a scoring error is not appealable unless it was

raised at or before sentencing, regardless of whether the

resulting sentence is inside or outside the appropriate

guidelines sentence range, except by way of a motion for

relief from judgment under subchapter 6.500.

Although defendant did not raise the precise scoring

error at or before sentencing, defendant is clearly

entitled to relief under MCR 6.508(D)(3).  In order to be

entitled to relief under MCR 6.508(D)(3), both "good cause"

and "actual prejudice"[6] must be established.  "Good cause"

_____

[6] Pursuant to MCR 6.508(D)(3)(b)(iv), with reference to a sentence, actual prejudice means that the sentence is invalid.  Here, the sentence is invalid because it is five years in excess of the properly scored sentencing guidelines and devoid of any finding of substantial and
(continued…)

10

can be established by proving ineffective assistance of counsel. *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995). To demonstrate ineffective assistance, it must be shown that defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). At oral argument, the prosecutor conceded that defendant would be entitled to relief on the basis of ineffective assistance of counsel and defendant's appellate counsel, who was also his trial counsel, admitted that OV 16 was scored where it obviously should not have been, that he failed to bring this error to the court's attention, and that this failure ultimately resulted in a minimum sentence that exceeds the upper limit of the appropriate guidelines sentence range by five years. Under these circumstances, it is clear that both "good cause" and "actual prejudice" have been established.

Because we find that defendant is entitled to relief under both the statute and the court rule, it is

---

(…continued)
compelling reasons to deviate from the properly scored guidelines range.

11

unnecessary for us to decide whether the court rule or the statute controls.[7]

IV. Conclusion

We affirm the decision of the Court of Appeals and remand this case to the circuit court for resentencing.

Stephen J. Markman<br>
Michael F. Cavanagh<br>
Marilyn Kelly<br>
Clifford W. Taylor

---

[7] Effective immediately, this Court has amended MCR 6.429(C) to conform with MCL 769.34(10).

**S T A T E   O F   M I C H I G A N**

**SUPREME COURT**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                     No. 122271

RICHARD A. KIMBLE,

    Defendant-Appellee.

_____

WEAVER, J. (*concurring in part and dissenting in part*)

I concur in the majority's conclusion that a scoring error is not appealable under MCR 6.429(C) as currently drafted unless it was raised at or before sentencing, regardless of whether the resulting sentence was inside or outside the appropriate guidelines sentence range. However, I dissent from the majority's interpretation of MCL 769.34(10) and its order remanding this case for resentencing on the basis of MCR 6.508(D)(3).

I agree with the Court of Appeals dissent by Judge GRIFFIN and would hold that MCL 769.34(10) requires that defendant preserve alleged errors in the scoring of offense variables and that the plain error doctrine does not justify reversal of defendant's conviction in this case. I would affirm defendant's sentence.

It is undisputed that offense variable 16 (OV 16) is not applicable to this case. The question before the Court is whether defendant can challenge the scoring of the offense variable when he failed to raise the issue at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals. Regarding this question, MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

The first sentence of the statute governs when the Court of Appeals may remand for resentencing when a minimum sentence is within the appropriate guidelines sentence range. Those circumstances are limited to where there is an "error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

2

The second sentence of the statute shifts the focus to when a party is permitted under MCL 769.34(10) to raise on appeal an issue "challenging the scoring of the sentencing guidelines or the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range . . . ." The second sentence provides that neither issue can be raised "unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals."

This case involves a scoring error that caused a sentence to fall outside the appropriate guidelines sentence range. Thus, we consider whether the Legislature intended to limit appeals of scoring errors regardless of whether the sentence was within or outside the appropriate guidelines sentence range.

The majority concludes that there is no basis in the statute to conclude that the Legislature intended to limit appeals of scoring errors differently from challenges to the accuracy of the information relied on in determining a sentence. The majority bases this conclusion, however, on its interpretation of the first sentence of the statute, not the second sentence at issue in this case. The majority reasons:

3

> The first sentence of §34(10) provides that a sentence that is within the appropriate guidelines sentence range is not appealable unless there is a scoring error or inaccurate information is relied upon. The necessary corollary of this statement is that a sentence that is *outside* the appropriate range *is* appealable. [*Ante* at 6-7 (emphasis in original).]

I respectfully disagree with the majority's logic. As noted above, the first sentence of the statute addresses when the Court of Appeals may remand for resentencing, not when a party may appeal. The first sentence allows the Court of Appeals to remand for resentencing scoring errors if a minimum sentence is within the appropriate guidelines sentence range. However, the plain language of the second sentence reveals that the only scoring errors that the Legislature intended the Court of Appeals to review at all are those that were preserved by a party "at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." As reasoned by Judge GRIFFIN'S Court of Appeals dissent in part:

> There are two disjunctive phrases— "challenging the scoring of the sentencing guidelines" and the "challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range"—that establish two distinct and separate situations to which the statute applies. Only the former circumstances apply herein, where defendant is "challenging the scoring of the sentencing guidelines . . . ." . . .

4

> In the present case, the alleged scoring error issue has been forfeited because defendant failed to "raise[] the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCL 769.34(10). [252 Mich App 285-286.]

Thus, I would hold that pursuant to MCL 769.34(10), defendant cannot challenge the scoring of OV 16 because he did not raise the issue as required by the statute. I also agree with Judge GRIFFIN's conclusion that the scoring error does not qualify as plain error that seriously affected the fairness, integrity or public reputation of judicial proceedings under *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999).

The majority also premises its decision to order resentencing on its conclusion sua sponte that defendant is entitled to relief from judgment under MCR 6.508(D)(3). The majority's eagerness to serve as advocate, trial judge, and appellate court is unnecessary and inappropriate. First, it cannot be assumed that defendant will file a motion for relief from judgment. Second, there is no guarantee that defendant would carry the burden of establishing entitlement to the relief requested under MCR 6.508(D). Without the benefit of argument and briefing, I would not step into the shoes of the trial court and decide an issue that has not even been raised by a party. Third,

the possibility that defendant could successfully file a motion for relief from judgment does not necessitate concluding that defendant would in this case, because the defendant is free to file such a motion regardless of how the question of statutory interpretation is resolved.

In conclusion, I concur in the majority conclusion that a scoring error is not appealable under MCR 6.429(C) as currently drafted unless it was raised at or before sentencing, regardless whether the resulting sentence was inside or outside the appropriate guidelines sentence range.

However, I dissent from the majority's interpretation of MCL 769.34(10) and its order remanding this case for resentencing on the basis of MCR 6.508(D)(3) and *Carines*. I would hold that MCL 769.34(10) requires that defendants preserve alleged errors in the scoring of offense variables and that the plain error doctrine requires no other result. I would affirm defendant's sentence.

Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
