693 N.W.2d 384 (2005)
472 Mich. 875
PEOPLE of the State of Michigan, Plaintiff-Appellee
v.
Shannon Nicole HINDMAN, Defendant-Appellant.
Docket No. 125763 & (44). COA No. 244904.
Supreme Court of Michigan.
March 25, 2005.
On order of the Court, the application for leave to appeal the January 22, 2004 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals in part and REMAND this case to the Saginaw Circuit Court for resentencing on defendant's second-degree murder conviction under properly scored sentencing guidelines. Offense variable 10 is to be scored at 10 points if the "offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship or the offender abused his or her authority status." M.C.L. § 777.40(1)(b) [emphasis added]. However, defendant here was assessed points, not on the basis of having exploited the second-degree murder victim, but on the basis of having exploited her own children who were merely passengers in her car and not the victims of the criminal offense being scored. Therefore, the circuit court erred in scoring offense variable 10 and because defendant raised this issue at sentencing, she is entitled to resentencing. People v. Kimble, 470 Mich. 305, 310-311, 684 N.W.2d 669 (2004); M.C.L. § 769.34(10). Offense variable 18 is to be scored "if an element of the offense or attempted offense involves the operation of a vehicle." M.C.L. § 777.22(1). The operation of a vehicle is not an element of second-degree murder. Therefore, the circuit court erred in scoring offense variable 18. Kimble, supra at 312, 684 N.W.2d 669; M.C.L. § 769.34(10). In addition, in rescoring the guidelines, the circuit court should consider whether it was appropriate to score 35 points under offense variable 3, in light of the applicable language of former M.C.L. § 777.33(2)(c). In all other respects, leave to appeal is DENIED.
WEAVER, J., dissents and states as follows:
I dissent from the order remanding for resentencing. I continue to believe that the plain language of M.C.L. § 769.34(10) requires a defendant to preserve a scoring *385 error by "rais[ing] the issue at sentencing in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." See e.g. People v. Kimble, 470 Mich. 305, 684 N.W.2d 669 (2004) (WEAVER J., dissenting). Defendant did not preserve her objection to the scoring of either offense variable 3 or 18 and, thus, cannot now challenge the scoring of those variables. Moreover, although defendant did object to the scoring of offense variable 10, even if the objection had been sustained, the sentence imposed was within the appropriate guidelines range making review unnecessary.
To hold that the plain error doctrine may be applied, as a majority did in People v. Kimble, supra at 312, 684 N.W.2d 669, and does implicitly in this case, undermines the plain language of M.C.L. § 769.34(10) that forbids a party to raise unpreserved scoring errors on appeal.