# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 4, 2008

135133

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CARLOS MARCELINO GONZALEZ,
      Defendant-Appellant.

SC: 135133
COA: 269631
Macomb CC: 2005-003996-FC

_____/

On order of the Court, the application for leave to appeal the September 18, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals, VACATE the defendant's sentence for first-degree criminal sexual conduct, and REMAND this case to the Macomb Circuit Court for resentencing under properly scored sentencing guidelines. *People v Kimble,* 470 Mich 305 (2004); *People v Francisco,* 474 Mich 82 (2006). The defendant should have been scored zero points for PRV 1 where there was no evidence to support a finding that he had been convicted of one prior high severity felony. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

WEAVER, J., dissents and states as follows:

I would deny the defendant's application for leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any injustice in this case. Further, my reasons for a denial here are the same as those stated in Justice Corrigan's dissenting statement in *People v Francisco,* 474 Mich 82, 93-95 (2006), which I joined.

CORRIGAN, J., dissents and states as follows:

I would deny defendant's application for leave to appeal. At sentencing, defendant did not challenge the court's determination that he had one prior conviction for a high-severity felony. Rather, defense counsel specifically approved the court's scoring decisions and the resulting minimum guidelines range. On appeal, defendant presents no evidence concerning the nature of the Texas conviction, listed only as "assault threatening bodily injury," or why that conviction does not qualify as one for a high-severity felony. Further, if we accept defendant's belated, unsupported claim that he should not have received 25 points for prior record variable 1, his guidelines minimum-sentence range changes only slightly, from 135-225 months to 126-210 months. Significantly, his minimum sentence of 180 months' imprisonment falls into the corrected, lower range. Accordingly, this case exemplifies the waste of judicial resources occasioned by this Court's opinion in *People v Francisco,* 474 Mich 82 (2006), which requires resentencing whenever correction of a scoring error changes the guidelines minimum-sentence range, even if the defendant's minimum sentence falls into the corrected range. I reiterate my dissenting position in *Francisco, supra* at 93-95, that a remand is not required by MCL 769.34(10) under these circumstances.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 4, 2008

s0401

Clerk