# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 9, 2009

138473

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JACOB JON WRIGHT,
      Defendant-Appellant.

_____/

SC: 138473
COA: 289179
Wexford CC: 2007-008361-FH;
2007-008362-FH

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the application for leave to appeal the February 19, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentences of the Wexford Circuit Court, and REMAND this case to the trial court for resentencing. Offense Variable 17 (OV 17) was inapplicable to the defendant's sentencing offense of assault with intent to do great bodily harm; therefore, it was plain error to score that variable. MCL 777.47(1), 777.22(1). In addition, Prior Record Variable 1 (PRV 1) was misscored. According to the presentence investigation report, the defendant was scored 25 points for this variable because of a 2005 conviction for attempted assault with intent to do great bodily harm. Because assault with intent to do great bodily harm is a class D offense, and an attempt to commit a class A, B, C, or D offense is a class E offense, the defendant's prior conviction for attempted assault with intent to do great bodily harm was a class E offense. MCL 777.19(3)(a). The defendant's prior class E offense should have been treated as a "prior low severity felony conviction," scorable under PRV 2. MCL 777.52. Therefore, resentencing is required. MCL 769.34(10); *People v Kimble*, 470 Mich 305 (2004). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

WEAVER, J., dissents from that part of the order remanding this case for resentencing as she is not persuaded that there is any manifest injustice in this case.

CORRIGAN, J., would direct that the prosecutor respond to the application for leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 9, 2009

*Corbin R. Davis*
Clerk

d0701