# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 4, 2009

137577 & (13)

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

VINCENT SCOTT RICHARDS,
   Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137577
COA: 286782
Oakland CC: 2007-216738-FH

By order of March 27, 2009, the application for leave to appeal the September 10, 2008 order of the Court of Appeals was held in abeyance pending the decision in *People v Idziak* (Docket No. 137301). On order of the Court, the case having been decided on July 31, 2009, 484 Mich 549 (2009), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion to remand to the trial court for correction of the presentence report is DENIED.

CORRIGAN, J. (*concurring*).

I join the order denying leave to appeal. I write separately to respond to Justice MARKMAN's assertion that the sentencing court plainly erred in scoring 10 points for offense variable 3 (OV 3) for a "bodily injury requiring medical treatment."

Defendant pleaded guilty to domestic assault, third offense, as an habitual offender, fourth offense, for assaulting his girlfriend. The trial court sentenced defendant to 46 to 180 months in prison. Defendant did not challenge the OV 3 scoring at sentencing, nor did he raise the issue in a motion for resentencing or a motion to remand in the Court of Appeals, but he did raise the issue in his Court of Appeals brief. The Court of Appeals denied leave to appeal for lack of merit. Defendant now applies for leave to appeal in this Court.

Justice MARKMAN concludes that the sentencing court plainly erred by scoring 10 points for OV 3. He finds that "there is absolutely no evidence that the victim here required medical treatment." *Post* at 3.

The presentence report and the preliminary examination transcript, however, reflect the severity of the beating that defendant inflicted on the victim. Defendant grabbed the victim by the hair and stated that he was going back to prison because of her. He punched her in the face several times. As the victim went into the kitchen to try to grab a knife for protection, defendant again grabbed her by the hair, dragged her into the living room, and got on top of her, pinning her down. Defendant then grabbed the victim around the throat and began choking her to the point that she could no longer breathe. The victim felt completely helpless and was unable to speak. Defendant told her, "I'll kill you, I'll kill you and I'm going back to prison for this." The victim later recounted that as defendant was choking her, she thought she was going to die before help arrived. Defendant finally let up long enough for her to scream and get to her cell phone to call 911.

When police officers arrived, they saw that the victim had large thick abrasions on both sides of her neck. The victim also had a bruise and a swollen right cheek, and she complained that her arms were hurting from blocking defendant's punches to her face. When the presentence report was later prepared, however, the victim stated that she did not go to the hospital for her injuries and that she believed the situation was blown out of proportion.[1]

Justice MARKMAN asserts that the victim's injuries did not require medical attention, but his conclusion stems from an incomplete record caused by defendant's failure to challenge the OV 3 score below. Indeed, it is not beyond the realm of possibility that a defense lawyer may decline to challenge an OV 3 score in a domestic violence guilty plea case precisely to avoid the presentation of proofs that would expose the brutality of a defendant's beating, knowing full well that later review for plain error may still be available under *People v Kimble*, 470 Mich 305, 312-313 (2004). Granting resentencing on an incomplete record in this situation would only reward such gamesmanship.

Accordingly, I concur in the denial of leave to appeal in this case.

MARKMAN, J. (*dissenting*).

The trial court scored offense variable 3 (OV 3) at 10 points on the basis that defendant caused "bodily injury requiring medical treatment." MCL 777.33(1)(d).

---

[1] As often happens in domestic violence cases, the victim in this case did not cooperate with the prosecution.

However, there is absolutely no evidence that the victim here required medical treatment. Although I do not disagree with the majority's implicit conclusion that OV 3 can sometimes be scored even absent actual medical treatment, consideration must also be given to the general proposition that medical treatment is not truly "required" if, in fact, it is neither sought nor provided. The victim here testified that she did not seek medical treatment for her injuries because she considered them "superficial." The presentence investigation report further describes the injuries as bruises and abrasions for which no medical treatment was sought.

Justice CORRIGAN contends that OV 3 was properly scored at 10 points because the victim "thought she was going to die before help arrived." *Ante* at 2. But, however understandable the *victim's* apprehensions may have been under these circumstances, considerably less understandable is why *Justice CORRIGAN* sees relevance in this fact where the specific, and only, legal inquiry under OV 3 is whether the victim suffered a "bodily injury *requiring* medical treatment." Although Justice CORRIGAN proceeds further to justify the scoring of OV 3 on the basis that the victim had "one thick abrasion on the left side of her neck . . . and two thick abrasions on the right side," *ante* at 2, I find it far more persuasive in answering the only legal question before this Court (a) that the victim did not seek or obtain medical treatment for her injuries and (b) that the police who saw the victim and her injuries did not seek or obtain medical assistance. It is difficult thus to understand how the victim suffered a "bodily injury *requiring* medical treatment," and it is equally difficult to understand how Justice CORRIGAN's reading of the guidelines accords respect to the actual language adopted by our Legislature.

If OV 3 is scored at 5 points, as it should have been (for injuries not requiring medical treatment), defendant's minimum-sentence range under the sentencing guidelines would change from 5-46 months to 2-34 months. Defendant's 46-month sentence would then exceed the guidelines range. Although the scoring error was not preserved at the trial court level, the error was plain and defendant was obviously prejudiced by the error. See *People v Kimble,* 470 Mich 305, 312-313 (2004). Accordingly, I would remand for resentencing.

KELLY, C.J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 4, 2009

Corbin R. Davis

Clerk

p1201