# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
July 28, 2015

v

No. 321627
Kalamazoo Circuit Court
LC No. 2013-001335-FC

TROYRON DEANDRE GLADNEY,

Defendant-Appellant.

Before: MARKEY, P.J., and MURPHY and STEPHENS, JJ.

PER CURIAM.

Defendant was convicted by a jury of armed robbery, MCL 750.529, and assault with a dangerous weapon (felonious assault), MCL 750.82(1). He was sentenced as a second-habitual offender, MCL 769.10, to 4 to 25 years' imprisonment for the armed robbery conviction and to 1 to 4 years' imprisonment for the felonious assault conviction. Defendant appeals as of right, solely raises a sentencing issue. We affirm.

Pursuant to a plea, defendant was previously convicted of *attempted* resisting or obstructing a police officer, MCL 750.81d(1); MCL 750.92. Under MCL 750.81d(1), a conviction for resisting or obstructing an officer is a felony punishable by imprisonment for not more than two years.[1] When a defendant is convicted of an attempted offense, the designation of the conviction as either a "felony" or a "misdemeanor" is dependent upon the maximum possible punishment under the law for the underlying offense. MCL 750.92. Pursuant to MCL 750.92(3), "[i]f the offense . . . attempted to be committed is punishable by imprisonment in the state prison for a term less than 5 years, . . . the offender convicted of such attempt shall be guilty of a misdemeanor[.]" Because defendant was convicted of *attempted* resisting or obstructing an officer, and because the offense that he attempted to commit was a two-year felony, the conviction constituted only a misdemeanor.

---

[1] The maximum level of possible punishment increases depending on whether an officer suffered bodily injury and the extent of the injuries. MCL 750.81d(2) (bodily injury requiring medical care, 4-year felony), (3) (serious impairment of a body function, 15-year felony), and (4) (death, 20-year felony). These provisions were not applicable to defendant's prior offense.

With respect to MCL 769.10, which generally provides for an increase in a defendant's maximum sentence for being a second-habitual offender, the statute, to be applicable, requires a defendant to have been previously "convicted of a felony *or an attempt to commit a felony*[.]" MCL 769.10(1) (emphasis added). Thus, MCL 769.10 was applicable to defendant on the basis of his prior misdemeanor conviction, given that the conviction, despite its misdemeanor status, was nevertheless for "an attempt to commit a felony."

Pursuant to MCL 777.21(3)(a), when a defendant is being sentenced under MCL 769.10, the trial court must also "increase the upper limit of the recommended minimum sentence range" by 25% "[i]f the offender is being sentenced for a second felony[.]" MCL 777.21(3)(a) speaks only in terms of a "second felony," absent any express reference to an *attempted* felony. Here, the minimum sentence guidelines range for defendant with respect to the class A offense of armed robbery, MCL 777.16y, without any contemplation of the prior conviction, is 42 to 70 months, MCL 777.62. The guidelines range actually employed by the trial court, however, was 42 to 87 months, reflecting a 25% increase in the upper end of the guidelines range under MCL 777.21(3)(a) on the basis of defendant's prior conviction. The trial court imposed a minimum sentence of 48 months for the armed robbery conviction. On appeal, defendant argues that resentencing is required because it was error to increase the upper end of the guidelines range under MCL 777.21(3)(a) when defendant's prior offense constituted only a misdemeanor and not the requisite felony.

Defendant did not present the argument that he now raises on appeal at his sentencing, in a motion for resentencing, or in a motion to remand. Accordingly, defendant's appellate argument is wholly unpreserved. *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

In *Kimble*, 470 Mich at 310-311, our Supreme Court addressed the language in MCL 769.34(10) in the context of an unpreserved scoring-error claim, ruling:

> We . . . agree with the Court of Appeals majority that, pursuant to § 34(10), a sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand. However, if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand.

Assuming for the sake of argument that the *appropriate* guidelines range is 42 to 70 months as maintained by defendant and not 42 to 87 months as applied by the trial court, the actual minimum sentence imposed by the trial court was 48 months and thus still fell within the presumed *appropriate* guidelines range. Accordingly, given defendant's failure to raise the issue concerning the guidelines range at sentencing, in a motion for resentencing, or in a motion to remand, defendant's sentence is simply not appealable under MCL 769.34(10). Defendant argues that *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006), mandates resentencing if a guidelines range is altered, even if the minimum sentence actually imposed by a court is still within the modified range. Although the *Francisco* Court held that a scoring error that alters the guidelines range requires resentencing, the Court made clear that this proposition concerned preserved claims of error. *Id.* at 89. The Court explained:

> [I]f the defendant failed to raise the scoring error at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the Court of Appeals, and the defendant's sentence is within the appropriate guidelines range, the defendant cannot raise the error on appeal except where otherwise appropriate, as in a claim of ineffective assistance of counsel. [*Id.* at 90 n 8, citing MCL 769.34(10).]

Here, defendant does not raise a claim of ineffective assistance of counsel relative to preservation of the alleged guidelines error.

Finally, even if MCL 769.34(10) were not applicable to the precise issue being raised by defendant on appeal, standard plain-error analysis would nevertheless preclude relief in the form of resentencing. Defendant has failed to establish that the imposition of a 48-month minimum sentence under a guidelines range of 42 to 87 months, instead of the alleged correct guidelines range of 42 to 70 months, affected defendant's substantial rights; defendant has not shown the required prejudice. *Kimble*, 470 Mich at 312.

Affirmed.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Cynthia Diane Stephens