# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANTONIO MARKESE CUMMINGS,

       Defendant-Appellant.

UNPUBLISHED
June 6, 2017

No. 331176
Kent Circuit Court
LC No. 12-002310-FC

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed upon him after his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(2)(b).[1] The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to two consecutive terms of 30 to 60 years' imprisonment for the offenses. We remand for resentencing consistent with this opinion.

Defendant originally appealed his convictions and sentencing as of right in this Court. *People v Cummings*, unpublished opinion per curiam of the Court of Appeals, issued August 5, 2014 (Docket No. 312583). We affirmed defendant's consecutive sentences. *Id*. at 3-4. Defendant then appealed to the Michigan Supreme Court. The Supreme Court issued an order in lieu of granting leave to appeal, in which it vacated the portion of this Court's opinion affirming consecutive sentencing, and remanded to the trial court with instructions to "either issue an order that provides a basis for its conclusion that the two criminal offenses arose from the same transaction, or resentence the defendant." *People v Cummings*, 498 Mich 895; 870 NW2d 66 (2015). The Supreme Court denied defendant's appeal in all other respects. *Id*. at 895-896. The trial court then issued an order and opinion in which it outlined its reasons for finding that the two assaults arose out of the same transaction, and again imposing consecutive sentences. The trial court stated,

---

[1] Defendant was also convicted of impersonating a public officer, contrary to MCL 750.215, but does not appeal that conviction or the sentence imposed for that conviction.

It was clear to this Court at the time of sentencing defendant, as it is now, that his two sexual assaults against his stepdaughter and biological daughter were part of the "same transaction" in accordance with MCL 750.520b(3). Defendant induced S to engage in fellatio with him, and, shortly thereafter, defendant induced T to engage in fellatio with him.

. . . It is clear from the testimony that the two assaults occurred on the same day, but more importantly, the evidence indicates that little time had passed between the assaults.

. . . This Court finds that "there was no relevant disruption in time or in the flow of events between the two distinct offenses." The defendant simply transitioned from assaulting one daughter to assaulting the other daughter in the course of one morning.

Holding that such behavior does not constitute the same transaction would be placing far too much weight on the passage of a small amount of time, and far too little weight on the defendant's egregious conduct and sequential targeting of his young daughters.

Defendant now appeals by right the trial court's order for consecutive sentencing issued on remand.

This case arises from sexual assaults against defendant's eight-year-old stepdaughter,[2] S, and defendant's four-year-old biological daughter, T. Defendant lived with his wife, son, and both victims. On at least three occasions that S could remember and reference, defendant engaged in oral penetration with her. S was able to reference the assaults by referring to times when her mother was at a motorcycle class, when the family was taking down the Christmas tree, and when S was in the basement with defendant before school. On all three occasions, defendant instructed S to close her eyes and open her mouth. Defendant then put his penis inside of her mouth. Each time, defendant stopped when S asked him to.

It is the last incident, when S was with defendant in the basement before school, that is relevant to this appeal. S testified that, on that occasion, she had woken up and gotten ready for school. She was in the basement watching television, when defendant put her on her knees and told her to close her eyes and open her mouth. Defendant then put his penis inside of her mouth. Defendant stopped when S asked him to. S then had to hurry to catch the school bus. When S got home from school at about 4:00 p.m., T said to her, "[S], dad put something in my mouth. Nasty." At trial, T testified that defendant put his "doodle" in her mouth. She then pointed to the groin area of a doll to show the area where defendant's doodle was.

_____

[2] S testified that defendant is her stepfather; however, she also testified that she had not known her biological father since she was a baby and that defendant was "basically [her] dad."

T testified that the assault happened while S was at school. She also testified that she told S what happened "when [S] came home." T further testified that it happened one time. After T told S about the assault, S told her mother what happened. The family sought refuge at a shelter for abused women and children. At trial, the defense attorney posed the following question to T:

> *Q*. When you say when she came—what—is it—do you remember how long after it happened—when he put his doodle in your mouth, when did you tell your sister? Was it the same day? Was it a different day? Was it a long time after?
>
> *A*. It was a long time.

Defendant argues on appeal that the trial court reversibly erred when it imposed consecutive sentences because the evidence did not support its conclusion that the assaults of S and T were part of the same transaction. We agree.

We review defendant's unpreserved claim of error for plain error affecting defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Plain error requires showing that (1) error occurred, (2) the error was clear or obvious, and (3) the error affected defendant's substantial rights. *Kimble*, 470 Mich at 312. The third requirement generally requires showing that the error affected the outcome of the lower court proceedings. *Id*.

A court may order consecutive sentences only when specifically authorized by statute. *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012). MCL 750.520b(3) provides that "[t]he court may order a term of imprisonment imposed under [the CSC I statute] to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." "Arising from" suggests a "causal connection between two events of a sort that is more than incidental." *Ryan*, 295 Mich App at 403. And "the same transaction" refers to whether the offenses "grew out of a continuous time sequence." *Id*. at 402.

The main question in this case is whether the sexual assault against T arose from the same transaction as the sexual assault against S that happened in the basement on the morning she was getting ready for school. Defendant sexually assaulted S, but stopped when she asked him to. S went to school and returned home at about 4:00 p.m. T then told S that defendant had sexually assaulted her. The only record evidence is that the assault on S happened sometime in the morning before school, and that the assault on T happened on the same day sometime before 4:00 p.m. That is, there is no evidence that little time had passed between the two assaults, and that there was no relevant disruption in time or in the flow of events. *Id*. at 404. Instead, T was specifically asked for a time reference with respect to when the assault on her had occurred and when she told her sister: "Was it the same day? Was it a different day? Was it a long time after?" T responded that "[i]t was a long time."

We acknowledge that Marianne Boykin, an interview specialist at the Child Assessment Center, testified that, due to T's age, she "[would not] expect T to have any sense of time concept." However, T was given the very specific option of stating that the assault and telling her sister about the assault occurred on the same day, and T did not agree that it was the same

-3-

day or even a different day; she chose the much lengthier option of "a long time." Thus, the evidence did not support a finding that there was a causal connection between the two assaults or a finding that the two assaults grew out of a continuous time sequence. The trial court plainly erred when it determined that defendant's assaults against S and T arose out of the same transaction.

Reversed and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.


/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens