*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRETT MARSHALL,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2020

No. 345872
Jackson Circuit Court
LC No. 11-004341-FC

Before: BORRELLO, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

In 2011, defendant pleaded guilty to first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (person under 13). In 2018, defendant filed a motion for relief from judgment, arguing that his plea was involuntary because he was not told at his plea hearing that he would be subject to lifetime electronic monitoring (LEM). The trial court denied the motion for failure to show good cause. Defendant appeals that denial by delayed leave granted. For the reasons explained below, we vacate the trial court order denying defendant's motion for relief from judgment and remand with instructions to allow defendant to withdraw his plea.

In *People v Cole*, 491 Mich 325, 338; 817 NW2d 497 (2012), our Supreme Court explained:

> [M]andatory lifetime electronic monitoring for convictions of CSC–I and CSC–II is part of the sentence itself and is therefore a direct consequence of a defendant's guilty or no-contest plea. As a result, at the time a defendant enters a guilty or no-contest plea, the trial court must inform the defendant if he or she will be subject to lifetime electronic monitoring.

The *Cole* Court further explained that if a trial court fails to advise a defendant that he or she will be subject to LEM, the trial court fails to satisfy the court rules' requirement that the plea be understanding and voluntary. *Id*. at 337.

Because defendant was not advised at his plea hearing that he would be subject to LEM as a result of pleading guilty to CSC-I, defendant has established that his plea was deficient. See *id*.

If a defendant wishes to withdraw a plea more than six months after the plea is entered, he or she "may seek relief only in accordance with the procedure set forth in subchapter 6.500." MCR 6.310(C)(3). Under MCR 6.508(D), the defendant has the burden of establishing entitlement to relief, and, as relevant here, can do so by demonstrating

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

> * * *

> (*ii*) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand[.]

Defendant argues that his prior appellate counsel was ineffective for failing to raise the LEM requirement issue on direct appeal, and that this ineffectiveness meets the good-cause and actual prejudice requirements under MCR 6.508(D)(3)(a). We agree.

A defendant can establish relief under MCR 6.508(D)(3) by establishing that he or she would be entitled to relief under an ineffective-assistance claim. *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). To obtain relief based on ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015). "The Court uses the same legal standard for ineffective assistance of counsel when scrutinizing the performance of trial counsel and appellate counsel." *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014).

Defendant directly appealed his plea on March 22, 2012. In that appeal, defendant's appellate counsel did not argue that defendant's plea was involuntary because he was not advised at his plea hearing that he would be subject to LEM as a result of his plea. Our Supreme Court decided *Cole*—wherein it held that a defendant whose plea would subject him or her to LEM must be so informed by the trial court at the plea hearing—on May 25, 2012. Afterwards, defendant's appellate counsel did not file a supplemental brief arguing that defendant's plea was involuntary based on *Cole*, and this Court denied defendant's direct appeal on June 15, 2012. Defendant's appellate counsel did not thereafter file an application for leave with our Supreme Court.

We conclude that defendant's appellate counsel's failure to stay up-to-date on the legal issues directly affecting defendant, and the resulting failure to raise those issues when applicable, fell below an objective standard of reasonableness. This is particularly so when, as here, the issue that counsel failed to raise "offer[ed] reasonable prospects of meaningful postconviction or appellate relief." Administrative Order 2004-6, Standard 3. See also *People v Roark*, 497 Mich 895, 895 (2014) (holding that defense counsel's failure to comply with Administrative Order 2004-

-2-

6, Minimum Standards for Indigent Criminal Appellate Defense Services amounted to ineffective assistance). Thus, defendant established the first-prong of an ineffective assistance claim, and satisfied the "good cause" requirement under MCR 6.508(D)(3)(a).

We also conclude that but for appellate counsel's deficient performance, there is a reasonable probability that the outcome of defendant's appeal would have been different. For a plea to be voluntary, a defendant must be made "fully aware of the direct consequences" of the plea. *Brady v United States*, 397 US 742, 755; 90 S Ct 1463; 25 L Ed 2d 747 (1970). In *Cole*, our Supreme Court held that the mandatory LEM requirement of CSC-I convictions is "part of the sentence itself and is, therefore, a direct consequence of a defendant's guilty or no-contest plea." *Cole*, 491 Mich at 338. Defendant was never advised that he would be subject to LEM at his plea hearing, so his plea was not understanding and voluntary. See *id*. at 337 (explaining that "a defendant who will be subject to mandatory lifetime electronic monitoring must be so advised by the trial court at the time of the plea hearing in order to satisfy the court rules' requirement that the plea be understanding and voluntary"). The *Cole* Court held that the proper resolution of this error is to "remand [the] case to the trial court to allow [the] defendant the opportunity to withdraw his plea." *Id*. at 338. We therefore conclude that had defendant's appellate counsel raised this issue, there is a reasonable probability that the result of defendant's appeal would have been different. Therefore, defendant established the second-prong of his ineffective assistance claim.

On appeal, the prosecution contests whether defendant's establishing this second-prong of his ineffective assistance claim satisfies MCR 6.508(D)(3)(b)(*ii*).[1] The prosecution argues that defendant cannot satisfy that subsection because his plea was not involuntary to "a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(*ii*).

The prosecution first argues that it would not be manifestly unjust to allow defendant's conviction to stand because he "received a very good bargain" in exchange for his plea. We do not see how "receiv[ing] a very good bargain" is a legitimate reason to let a conviction that "offend[s] due process," *Cole*, 491 Mich at 337, to stand.

The prosecution next claims that defendant does not even proclaim his innocence, which should weigh in favor of allowing the conviction to stand. While we understand the prosecution's sentiment, we do not think that this fact should be given much, if any, weight. In cases like the one before us, the involuntary nature of the plea has nothing to do with the defendant's guilt or innocence, but instead concerns the process by which that plea was obtained. We are focused not on whether the defendant is innocent but on whether the process was such that it would be manifestly unjust to allow the conviction to stand.

The prosecution lastly claims that defendant waited too long to move for relief from judgment, and that this delay prejudiced the prosecution. This argument is unconvincing because the prosecution has not offered anything other than general assertions to establish that it would be

---

[1] The prosecution does not contest that defendant established good cause under MCR 6.508(D)(3)(a).

prejudiced. Indeed, the prosecution seems to implicitly recognize this when it states that the delay "would *probably* make prosecuting harder." (Emphasis added.)

In sum, the prosecution's arguments that it would not be manifestly unjust to allow defendant's conviction to stand is unpersuasive. A guilty plea constitutes a waiver of several constitutional rights. *Cole*, 491 Mich at 332. To be an effective waiver of those rights, due process requires that the plea be voluntary. *Id*. at 332-333. For a plea to be voluntary, the defendant must be made fully aware of the direct consequences of the plea. *Id*. at 333. LEM is a direct consequence of CSC-I, *id*. at 335, and defendant was not made aware of that consequence at his plea hearing.[2] This failure to inform defendant of the direct consequences of his plea was a violation of due process. This due-process violation could have been cured had defendant's appellate counsel delivered a reasonable performance and raised the issue on direct appeal after *Cole* was decided and while defendant's appeal was still pending. To let defendant's conviction stand would be to punish defendant for his appellate counsel's failure to deliver a reasonable performance. We believe that, in this situation, that is the result that would be unjust. Thus, on these facts, we conclude that defendant established actual prejudice under MCR 6.508(D)(3)(b)(*ii*).

We vacate the trial court's denial of defendant's motion to withdraw his guilty plea and remand with instructions to allow defendant to withdraw his plea.

/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[2] The prosecution notes that defendant's PSIR stated that he would be subject to LEM, but *Cole*, 491 Mich at 338, states that "*at the time a defendant enters a guilty or no-contest plea*, the trial court must inform the defendant if he or she will be subject to lifetime electronic monitoring." (Emphasis added.) Thus, regardless of what was in defendant's PSIR, because he was not informed that he would be subject to LEM at his plea hearing, defendant's due process rights were violated.