# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2021

162139

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellee,

v

MARTY THOMAS PENNELL,
　　　　　Defendant-Appellant.

SC: 162139
COA: 353434
Grand Traverse CC: 2017-012702-FH

_____/

　　　　By order of March 19, 2021, the prosecuting attorney was directed to answer the application for leave to appeal the September 3, 2020 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Grand Traverse Circuit Court, and we REMAND this case to that court for resentencing. Offense Variable 9 (OV 9) must be scored solely on the basis of conduct occurring during the sentencing offense. *People v McGraw*, 484 Mich 120, 122 (2009). The prosecuting attorney offered no evidence that the sentencing offense placed 4 to 19 victims in danger of property loss. See MCL 777.39(1)(c). Instead, the circuit court erroneously counted the victims of uncharged or dismissed offenses to assign 10 points to OV 9, altering the guidelines range.

　　　　The defendant has demonstrated both good cause for his failure to pursue a direct appeal and actual prejudice, entitling him to relief under MCR 6.508(D). The defendant submitted a timely request for the appointment of appellate counsel on the date of sentencing, but he neglected to complete the attached financial schedule. Under the version of MCR 6.425(G)(1)(a) in place at the time, the circuit court was required to rule on the defendant's request within 14 days of its submission. Yet the record contains no indication that the circuit court notified the defendant that his request was defective or that it would not be granted. By the time the unrepresented defendant submitted a second request for the appointment of appellate counsel, the deadline for pursuing an appeal by leave had expired. See MCR 7.205(A)(2)(a). Given the circumstances, we conclude that the defendant has satisfied the good cause requirement of MCR 6.508(D)(3)(a). He has also demonstrated actual prejudice by showing that "the sentence is invalid." MCR 6.508(D)(3)(b)(*iv*). "A sentence is invalid when a sentencing court relies on an inappropriate guidelines range." *McGraw*, 484 Mich at 131, citing *People v Kimble*, 470 Mich 305, 310 (2004). Accordingly, the defendant is entitled to relief from judgment and

resentencing based on the error in the scoring of OV 9.  In all other respects, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2021



Clerk

t0616