*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 11, 2026
1:46 PM

Plaintiff-Appellee,

v

No. 370792
Genesee Circuit Court
LC No. 12-030868-FC

TYREE DARIUS AUSTIN,

Defendant-Appellant.

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant was sentenced for his murder, drugs, and weapons convictions and moved for relief from judgment. The trial court denied defendant's motion, and defendant now appeals by delayed leave granted. Because Offense Variable (OV) 5 was improperly scored at 15 points, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

As a result of shooting and killing the victim, defendant was convicted of second-degree murder, MCL 750.317; carrying a concealed weapon, MCL 750.227; possession of marijuana, MCL 333.7403(2)(d); and possession of a firearm during the commission of a felony, MCL 750.227b(1). When defendant's presentence investigation report (PSIR) was prepared, the victim's father stated that he would not see his son again, that his family was devasted by the loss, and that he was upset over defendant's lack of remorse or compassion. The PSIR evaluator wrote that the victim's family had endured "damage" and "a long judicial process," but "the family look[ed] forward to moving on with their lives and the closure the sentencing phase will bring."

At sentencing, the trial court offered the victim's family the opportunity to speak on the family's behalf, but none chose to do so. Defense counsel did not raise an objection to scoring OV 5 at 15 points, and the total OV score was calculated at 105 points. Based on the total OV score and the Prior Record Variable (PRV) score in level C, the guidelines recommendation for defendant's minimum sentence for the murder conviction was calculated at 225 to 375 months, or life. The trial court sentenced defendant to serve concurrent terms of imprisonment of 300 months to 650 months for the murder conviction, 2 to 5 years for the concealed-weapon conviction, and 1

day for the marijuana conviction, along with a term of 2 years for the felony-firearm conviction to be served consecutively with the murder sentence.

Defendant previously appealed by right his convictions to this Court, challenging aspects of his trial, not his sentencing. This Court affirmed defendant's convictions, *People v Austin*, unpublished per curiam opinion of the Court of Appeals, issued May 12, 2015 (Docket No. 318838), and the Supreme Court denied leave to appeal, *People v Austin*, 498 Mich 921, 921; 871 NW2d 154 (2015). Five years after his original appeal failed, defendant filed a motion for relief from judgment. The trial court denied the motion, and defendant filed a delayed application for leave to appeal. This Court granted defendant's application in part and limited the appeal to three issues: sentence proportionality, OV 5 scoring error, and ineffective assistance of counsel in connection to filing a Standard 4 brief.

## II. ANALYSIS

Defendant argues on appeal that the trial court incorrectly assessed 15 points for OV 5, that his attorneys were ineffective for failure to raise objections to the scoring, and that the trial court erred in not granting relief on that basis. We review for an abuse of discretion the trial court's decision to grant or deny relief from judgment. *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). A trial court abuses its discretion if it makes an error of law or its decision is not a "reasonable and principled outcome." *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018) (cleaned up). For the trial court's factual findings, we review for clear error, which occurs if we are "left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). We review "de novo the trial court's interpretation and application of the statutory sentencing guidelines." *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017).

Under MCR 6.508(D), defendant cannot obtain relief on grounds that could have been raised in a prior appeal unless (1) defendant has good cause for not previously raising the grounds and (2) defendant is actually prejudiced from the alleged defect, such as an invalid sentence. Defendant may establish good cause by proving ineffective assistance of counsel such that "defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him." *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). A defendant is actually prejudiced and entitled to resentencing if the guidelines range were inaccurately calculated. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

OV 5 is scored at 15 points if a member of the victim's family suffered serious psychological injury that may require professional treatment, and is scored at zero points otherwise. MCL 777.35. When scoring OV 5, a trial court should consider the severity, the manifestations, and the "important or dangerous possible consequences," of the injury, as well as whether professional treatment has been sought or received. *People v Calloway*, 500 Mich 180, 186; 895 NW2d 165 (2017). The psychological effects of the victim's death must be sufficiently described to demonstrate that professional treatment may be necessary. *People v Baskerville*, 333 Mich App 276, 293; 963 NW2d 620 (2020). Grief alone is insufficient to be serious psychological trauma under OV 5. *People v Bailey*, 330 Mich App 41, 62; 944 NW2d 370 (2019); see also *People v Jaber*, ___ Mich ___, ___; 986 NW2d 601, 601-602 (2023).

-2-

The victim's father described the following consequences of the victim's death: the victim was no longer in his life, and the family was devastated by the loss. The only other effect described by the father was that he was upset over defendant's demeanor at trial, but this feeling resulted from the trial, not the victim's death. A victim's father's feelings about the defendant's lack of remorse or compassion is not the kind of injury contemplated by OV 5. Furthermore, even if such feeling could be considered, being upset is similar to grieving in this context, which is not sufficient for serious psychological harm under OV 5. See *Bailey*, 330 Mich App at 62.

There are no descriptions in the record of specific manifestations of present or future serious psychological injury. In fact, the PSIR provided that the victim's family was moving on, which did not suggest a need for professional treatment.

Accordingly, OV 5 should not have been scored at 15 points on this record. The failure to raise this challenge to OV 5, in the trial court and on the original appeal, constituted deficient performance by defense counsel. Defendant was prejudiced by this, given that a score reduction of 15 points would result in a lowered minimum guidelines range of 180 months to 300 months, or life. MCL 777.61. Therefore, defendant has shown good cause and actual prejudice to entitle him to resentencing under MCR 6.508(D)(3), and the trial court abused its discretion when not granting him relief.

## III. CONCLUSION

Defendant is entitled to resentencing, as explained herein. Because he will be resentenced, defendant's claim that his current sentence is disproportionate is moot. Similarly, his claim involving his Standard 4 brief and his sentence is also moot.

Reversed and remanded for resentencing. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle