# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 13, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138352

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JOVAN MILLS,
        Defendant-Appellant.

_____/

SC: 138352
COA: 288317
Washtenaw CC: 00-001985-FC;
00-001730-FH; 01-000031-FH

On order of the Court, the application for leave to appeal the January 13, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration under the standard for direct appeals, because the defendant was deprived of his direct appeal as a result of constitutionally ineffective assistance of counsel. See *Roe v Flores-Ortega,* 528 US 470, 477; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *Peguero v United States,* 526 US 23, 28; 119 S Ct 961; 143 L Ed 2d 18 (1999).

Costs are imposed against the attorney, only, in the amount of $250, to be paid to the Clerk of this Court.

We do not retain jurisdiction.

CORRIGAN, J. (*concurring*).

I concur in this Court's remand order. Defendant was deprived of a judicial proceeding as a result of the ineffectiveness of his appellate counsel. Accordingly, he is entitled to a remand to the Court of Appeals for consideration under the standard for direct appeals.

Defendant pleaded guilty of armed robbery and no contest to a charge of assault with intent to commit criminal sexual conduct. After sentencing, the trial court appointed Peter Ellenson as defendant's appellate counsel. Ellenson filed a motion to withdraw defendant's pleas, which the trial court denied after oral argument and a *Ginther*[1] hearing.

_____

[1] *People v Ginther*, 390 Mich 436 (1973).

Ellenson subsequently filed an application for leave to appeal on defendant's behalf, which the Court of Appeals dismissed because it was not timely filed. More than four years later, Ellenson filed a motion for relief from judgment. The trial court denied the motion and the Court of Appeals denied defendant's application for leave to appeal. Defendant now seeks leave to appeal in this Court.

Remand to the Court of Appeals for consideration under the standard for direct appeals is appropriate because defendant was deprived of a judicial proceeding—the Court of Appeals' consideration of his application for leave to appeal on direct appeal—as a result of the ineffectiveness of his appellate counsel in failing to timely file the application. In *Roe v Flores-Ortega*, 528 US 470, 483 (2000), the United States Supreme Court held that, where counsel's deficient performance deprives a criminal defendant of a judicial proceeding altogether, a presumption of prejudice applies:

> According to respondent, counsel's deficient performance deprived him of a notice of appeal and, hence, an appeal altogether. Assuming those allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. In *Cronic*, *Penson*, and *Robbins*,[2] we held that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself" has been rendered "presumptively unreliable." *Cronic*, *supra*, at 659. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any "'presumption of reliability,'" *Robbins*, [*supra*] at 286, to judicial proceedings that never took place.

The defendant must still establish prejudice but, in this context, does so by demonstrating a reasonable probability that, but for counsel's deficient performance, the defendant would have filed a timely appeal. *Id*. at 484.

In this case, Ellenson filed both the untimely application for leave to appeal and the instant motion for relief from judgment. In the motion for relief from judgment, Ellenson argues that appellate counsel was ineffective for failing to timely file the application. Ellenson, in essence, concedes his own ineffectiveness. Under the circumstances, it has been established that, but for counsel's deficient performance, defendant's application to the Court of Appeals on direct appeal would have been timely filed. Because defendant was deprived of a judicial proceeding because of his counsel's

---

[2] *United States v Cronic*, 466 US 648 (1984); *Penson v Ohio*, 488 US 75 (1988); and *Smith v Robbins*, 528 US 259 (2000).

ineffectiveness, he is entitled to a remand to the Court of Appeals for consideration under the standard for direct appeals.

MARKMAN, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 13, 2009

_____
Clerk

p1110