# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

PAUL FRANCIS PARKIN,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2016

No. 330534
Ionia Circuit Court
LC No. 2011-015215-FC

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order that granted defendant's motion for relief from judgment under MCR 6.501 *et seq*.; vacated defendant's convictions of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(g), and second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(g); and set the case for a new trial. We reverse.

Defendant was convicted of CSC I (oral-vaginal penetration) and CSC II (sexual contact with the victim's breasts) for sexually assaulting the victim while she was intoxicated after a night of drinking. The victim had no memory of the incident. At trial, the defense argued that defendant had no sexual contact with the victim. The prosecution presented testimony from an eyewitness who observed defendant performing oral sex on the "passed out" victim; testimony from a friend of defendant, who stated that while in jail awaiting the instant charges, defendant admitted to performing oral sex on the victim; and the testimony of a nurse who examined the victim and found an injury to the victim's vagina that was indicative of assault. There was also other-acts testimony from two women who testified that defendant had nonconsensual sexual intercourse with them while they were intoxicated. Finally, the prosecution presented expert forensic testimony that a DNA profile consistent with defendant's was recovered on swabs taken from the victim's breast and pubic areas. Defendant did not file an appeal as of right or a delayed application for leave to appeal.

---

[1] *People v Parkin*, unpublished order of the Court of Appeals, entered February 18, 2016 (Docket No. 330534).

-1-

Approximately 18 months after sentencing, defendant filed a motion for relief from judgment and was appointed appellate counsel. Defendant argued in pertinent part that his trial counsel was ineffective for failing to adequately investigate and present an "innocent transfer" defense, i.e., argue that defendant's DNA was recovered from the swabs of the victim's body as a result of innocent contact, not sexual assault. After holding a *Ginther*[2] hearing, the trial court ruled that defendant was deprived of effective assistance of trial counsel on this basis and granted defendant's motion for relief from judgment.

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or [when it] makes an error of law[.]" *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010) (citations omitted). A trial court's factual finding is clearly erroneous "if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made." *People v McSwain*, 259 Mich App 654, 682; 676 NW2d 236 (2003) (citation and quotation marks omitted).

MCR 6.508(D) provides, in pertinent part:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

> * * *

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates:

> (a) good cause for failure to raise such grounds on appeal or in a prior motion, and

> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

> * * *

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case . . . . [3]

There are no jurisdictional defects alleged in this case. Thus, defendant was required to demonstrate (1) good cause for the failure to raise his challenge on direct appeal and (2) actual prejudice from the alleged irregularities that support the claim for relief. *McSwain*, 259 Mich App at 680.

The "good cause" prong may be satisfied by establishing ineffective assistance of counsel. *People v Kimble*, 470 Mich 305, 314; 684 NW2d 669 (2004). Generally, however, this prong is satisfied "by proving ineffective assistance of *appellate* counsel, pursuant to the standard set forth in *Strickland v Washington*, 466 US 668, 104 S Ct 2052; 80 L Ed 2d 674 (1984), or by showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995) (emphasis added); see also *People v Gardner*, 482 Mich 41, 49 n 11; 753 NW2d 78 (2008) ("A defendant may establish good cause for not raising an argument for relief sooner by showing that his appellate attorney rendered ineffective assistance by failing to raise the issue in a proper post-trial motion or first-tier appeal."). There is no claim of ineffective assistance of appellate counsel raised in this appeal, nor is there any claim of, or record support for, any "external factor." However, defendant is not necessarily deprived of his entitlement to relief because, in certain circumstances as discussed below, ineffective assistance of trial counsel may constitute "good cause" for failing to raise a claim on direct appeal.

The prosecution urges this Court to hold that ineffective assistance of trial counsel may never constitute "good cause" under MCR 6.508(D)(3). As the prosecution notes, for the most part, allegedly ineffective actions of trial counsel could logically be raised on direct appeal. Likewise, those allegedly ineffective actions would have no bearing on the failure to raise those claims on direct appeal. Thus, a "typical" claim of ineffective assistance of trial counsel, e.g., the failure to object to the admission of evidence or failure to call a particular witness, could not constitute "good cause for failure to raise a claim on appeal" under MCR 6.508(D)(3)(a). However, there are instances in which ineffective assistance of trial counsel could constitute the required "good cause." Specifically, where trial counsel's ineffective assistance results in defendant's failure to raise, or inability to raise, an argument on direct appeal, such an action could constitute the required "good cause" under MCR 6.508(D)(3)(a).

This interpretation is supported by the Supreme Court's opinion in *Kimble*, 470 Mich at 305. In that case, trial counsel argued at sentencing that one point should be assessed for offense

---

[3] MCR 6.508(D)(3) also provides that "[t]he court may waive the 'good cause' requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that defendant is innocent of the crime." Defendant has not argued, either below or on appeal, that the good cause requirement should be waived on this basis, and the trial court did not waive the good cause requirement.

-3-

variable (OV) 16, MCL 777.22. *Id*. at 308. The prosecutor argued, and the trial court agreed, that five points should be assessed for OV 16. *Id*. Trial counsel (who served as the defendant's appellate counsel) then asserted, for the first time on appeal, that *zero* points should have been assessed for OV 16. *Id*. at 308, 314. On appeal, the prosecution agreed that zero points should have been assessed, but argued that defendant waived any claim of error by failing to raise that argument in the trial court. *Id*. The Supreme Court held that, under the version of MCR 6.429(C) in effect at the time, "a [sentencing] scoring error is not appealable unless it was raised at or before sentencing . . . except by way of a motion for relief from judgment under subchapter 6.500." *Id*. at 313. The Supreme Court's opinion implied that, if ineffective assistance of trial counsel results in a defendant's failure, or inability, to raise a meritorious argument on direct appeal, "good cause" may be established under MCR 6.508(D)(3)(a). The Court wrote:

> Although defendant did not raise the precise scoring error at or before sentencing, defendant is clearly entitled to relief under MCR 6.508(D)(3). In order to be entitled to relief under MCR 6.508(D)(3), both "good cause" and "actual prejudice" must be established. "Good cause" can be established by proving ineffective assistance of counsel. *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995). To demonstrate ineffective assistance, it must be shown that defendant's attorney's performance fell below an objective standard of reasonableness and this performance prejudiced him. *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). At oral argument, the prosecutor conceded that defendant would be entitled to relief on the basis of ineffective assistance of counsel and defendant's appellate counsel, who was also his trial counsel, admitted that OV 16 was scored where it obviously should not have been, that he failed to bring this error to the court's attention, and that this failure ultimately resulted in a minimum sentence that exceeds the upper limit of the appropriate guidelines sentence range by five years. Under these circumstances, it is clear that both "good cause" and "actual prejudice" have been established. [*Kimble*, 470 Mich at 313-314.]

Thus, ineffective assistance of trial counsel at trial may constitute "good cause" under MCR 6.508(D)(3)(a) if the ineffective action caused defendant's failure or inability to raise a claim on direct appeal. Accordingly, we reject the prosecution's argument that ineffective assistance of trial counsel may never, as a matter of law, constitute "good cause" under MCR 6.508(D)(3)(a).

Nonetheless, in this case, the trial court clearly erred in finding that trial counsel's alleged ineffective assistance in failing to adequately investigate and assert an innocent transfer defense constituted "good cause for failure to raise to raise a claim on appeal[.]" MCR 6.508(D)(3)(a). Assuming, arguendo, that defendant was deprived of effective assistance of trial counsel on this basis, the deficient representation had nothing to do with his failure to timely file an appeal as of right or a delayed application for leave to appeal containing that claim of ineffective assistance of counsel. Logically stated, trial counsel's failure to adequately investigate and present an innocent transfer defense cannot constitute good cause for failure to raise a claim on appeal that trial counsel was ineffective for failing to adequately investigate and present an innocent transfer defense. MCR 6.508(D)(3)(a). Therefore, the trial court clearly erred in finding that trial counsel's ineffective assistance in failing to adequately investigate and present an innocent

transfer defense could establish the required "good cause" under MCR 6.508(D)(3) and, accordingly, the trial court's grant of defendant's motion for relief from judgment on this basis was an abuse of discretion. *Swain*, 288 Mich App at 628; *McSwain*, 259 Mich App at 680.

However, our "good cause" analysis does not end here. Defendant argues that trial counsel was ineffective for failing to consult with him about an appeal, thus depriving him of the ability to raise on direct appeal his claim of ineffective assistance of counsel relating to the alleged failure to adequately investigate and present an innocent transfer defense.

The failure to consult with a defendant about an appeal may constitute the ineffective assistance of counsel. *Roe v Flores-Ortega*, 528 US 470, 477; 120 S Ct 1029; 145 L Ed 2d 985 (2000); *People v Mills*, 485 Mich 960, 960; 774 NW2d 524 (2009). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 US at 480. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484.

The record supports that a rational defendant in defendant's situation would have wanted to appeal and, therefore, trial counsel had a constitutional duty to consult with defendant about an appeal. Indeed, trial counsel testified that he "would think" that defendant would want to file an appeal, given that he received a minimum sentence of 25 years' imprisonment.

However, defendant cannot establish a reasonable probability that, but for trial counsel's alleged failure to consult with him regarding an appeal, he would have timely filed an appeal as of right or delayed application for leave to appeal.

Trial counsel testified that, at sentencing, he told defendant to sign and return the form requesting appointment of appellate counsel "right away," an assertion not contradicted by defendant's affidavit or any other record evidence. Thus, trial counsel consulted with defendant. Moreover, at sentencing, defendant signed a form indicating that he understood that he "must return the completed Request for Appointment of Attorney to the court within 42 days if I want an attorney appointed for my appeal." The trial court also informed defendant of this requirement on the record at sentencing. See MCR 6.425(F)(3). Thus, the record supports that defendant was aware of the requirement that he needed to return the form requesting appointment of appellate counsel within 42 days, yet failed to return the completed form for approximately six months. Had defendant done so, his appointed appellate attorney would have presumably filed a timely appeal. Under these circumstances, even if trial counsel was deficient in his failure to consult with defendant regarding an appeal, defendant has not established a reasonable probability that, but for trial counsel's allegedly ineffective action, he would have timely filed an appeal. *Roe*, 528 US at 484. Accordingly, defendant cannot establish "good cause" under MCR 6.508(D)(3)(a).

In light of our conclusions, we need not address the additional issues discussed on appeal.

Reversed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter