*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MAURICE DARNELL JOHNSON,

Defendant-Appellant.

UNPUBLISHED
December 26, 2019

No. 344800
Wayne Circuit Court
LC No. 18-001034-01-FC

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of second-degree murder, MCL 750.317, possession of a firearm during the commission of a felony, second offense (felony-firearm), MCL 750.227b(1), and felon in possession of a firearm, MCL 750.224f. The trial court sentenced defendant as a habitual fourth offender, MCL 769.12, to concurrent prison terms of 65 to 100 years on the second-degree murder conviction and two to five years on the felon-in-possession conviction, and to a consecutive five-year term for the felony-firearm conviction. We affirm.

On November 18, 2017, the night before the incident leading to the death of Nicholas Ennis, defendant went to Ennis and his girlfriend, Desiree Magana's, house where he got into an argument with Magana about money that she and the victim owed him. Defendant told Magana that if the victim did not pay him the $100 by the next day then he was going to kill him. Early the next morning, there were knocks at the door that continued around the house and onto a bedroom window. Magana woke up the victim and told him to go outside and investigate. The victim went outside by himself. Magana then heard a gunshot. She ran outside and heard multiple other gunshots. She and another witness then saw defendant running down the driveway holding a gun. Magana asked him what he had done, and he replied that he shot the victim. The victim died on the way to the hospital. When police arrived, they followed a blood trail leading from where the victim was found to another house where they found defendant being treated for a stab wound on his side and another laceration. Defendant told one police officer that the victim snuck up behind him and stabbed him, so he responded by shooting the victim.

# I. SENTENCE FOR SECOND-DEGREE MURDER

Defendant first argues that the trial court erred in sentencing him to a minimum of more than 25 years in prison on the second-degree murder conviction. We disagree.

We note that at sentencing, defendant did not object to his sentence on the grounds now raised on appeal. Thus, the issue is not preserved for appeal. See *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). Unpreserved issues are reviewed for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Plain error requires a showing that (1) error occurred, (2) the error was clear or obvious, and (3) the error affected the defendant's substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *Carines*, 460 Mich at 763. The third requirement generally requires a showing that the error affected the outcome of the lower court proceedings. See *Carines*, 460 Mich at 763. Reversal is warranted only when the plain error "resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceeding independent of the defendant's innocence." *Id*. (quotation marks and citation omitted). This issue also involves the interpretation and application of statutes, which is a question of law that this Court reviews de novo. *People v Lee*, 489 Mich 289, 295; 803 NW2d 165 (2011).

MCL 769.12(1)(a) provides:

> (1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

> (a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

MCL 769.34(2)(a) states: "If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute." Moreover, MCL 769.34(10) states, "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

Both parties agree the defendant was subject to the 25-year mandatory minimum sentence provision of MCL 769.12(1)(a). Defendant argues, however, that the trial court erred by increasing his minimum sentence to 65 years because the statute mandates that his minimum sentence be 25 years. We disagree.

First, the language in MCL 769.12(1)(a) requires "imprisonment for not less than 25 years." This means simply that defendant cannot be sentenced to *less* than 25 years. The statute does not state that defendant may *only* be sentenced to 25 years' imprisonment on his minimum. Rather, it requires that defendant's sentence be, at a bare minimum, 25 years.

Second, MCL 750.317, which provides the punishment for second-degree murder, states: "[s]econd degree murder . . . shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same." Reading MCL 750.317 together with MCL 769.12(1)(a) and MCL 769.34(2)(a), we conclude that the trial court had discretion to sentence defendant, as a fourth-offense habitual offender convicted of second-degree murder, to life imprisonment or any term of years, so long as that term of years was not less than 25 years. In this case, that is exactly what the trial court did.

## II. SELF-DEFENSE

Defendant next argues that the trial court abused its discretion in refusing to give a self-defense jury instruction. Although he preserved this issue by requesting the instruction below, see *Cameron*, 291 Mich App at 617, we find no error in the determination that the instruction was not warranted.

"Jury instructions that involve questions of law are . . . reviewed de novo. But a trial court's determination whether a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (brackets and citations omitted). "The trial court abuses its discretion when its outcome falls outside the range of principled outcomes." *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014) (citation omitted).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Id*. (quotation marks and citation omitted). Jury instructions must not exclude material issues or defenses if there is evidence to support them. *Id*. at 240 (citation omitted). "The trial court may issue an instruction to the jury if a rational view of the evidence supports the instruction." *Id*. (citation omitted). To have a jury instructed on self-defense, a defendant must satisfy "the initial burden of producing some evidence from which a jury could conclude that the elements necessary to establish a prima facie defense of self-defense exist . . . ." *People v Dupree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). "A defendant need not take the stand and testify in order to merit an instruction on self-defense." *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978). A defendant may establish the elements of self-defense by circumstantial evidence. *Id*. However, a defendant is not entitled to claim self-defense if he was the initial aggressor. *People v Guajardo*, 300 Mich App 26, 35; 832 NW2d 409 (2013).

MCL 780.972(1)(a) provides the elements for the use of deadly force in self-defense:

(1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:

(a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.

In denying defendant's request for a self-defense jury instruction, the trial court opined that there was no testimony or evidence that indicated that defendant had an honest and reasonable belief that the use of deadly force was necessary. However, our review of the evidence shows that there was evidence supporting such an honest and reasonable belief. The prosecution presented an exhibit from a police officer's body camera. On the video defendant can be heard saying that the victim snuck up behind him and stabbed him, which is why he shot him. Other evidence presented at trial also showed that there was a trail of blood leading from the victim's house to where defendant was located. The evidence also demonstrated that defendant did in fact suffer a stab wound to his side and a laceration to his face, which required hospitalization and surgery. Also, specific testimony and specific evidence is not required, as the trial court stated; circumstantial evidence is sufficient. See *Hoskins*, 403 Mich at 100. And, although there was evidence that defendant made a threat on the victim's life the night before, there was no evidence that when the shooting occurred defendant was the initial aggressor. Thus, we conclude that defendant presented some evidence that he honestly and reasonably believed that the use of deadly force was necessary to prevent imminent death or imminent great bodily harm.

However, the trial court did not consider whether defendant was allowed to raise the defense of self-defense as a felon in possession of a firearm. We have determined that self-defense is a defense to the crime of felon in possession of a firearm, stating:

[A] felon possessing a firearm is not precluded from raising self-defense under the SDA [Self Defense Act] when there is evidence that would allow a jury to conclude that criminal possession of a firearm was justified because the accused had an honest and reasonable belief that the use of deadly force was necessary to prevent imminent death, great bodily harm, or sexual assault to himself or herself or to another. [*Guajardo*, 300 Mich App at 40.]

In *Guajardo* we also stated:

We note that the temporal relationship between the time the accused came into possession of the firearm and the time he or she deployed deadly force is relevant to determining whether the accused had an honest and reasonable belief that possession of a firearm was justified to prevent imminent death, great bodily harm, or sexual assault. For example, in *Dupree*, 486 Mich at 708-709, a self-defense instruction was warranted when there was evidence that the defendant struggled with an armed individual for possession of the gun and then possessed the gun for a short period thereafter until the threat of danger subsided. Thus, both the amount of time an accused possessed a firearm and the manner in which an accused came into possession of the firearm can be part of a totality-of-the-circumstances inquiry into whether there is evidence that a felon's possession of a firearm was justified because the felon honestly and reasonably believed that the

-4-

use of deadly force was necessary to prevent imminent death, great bodily harm, or sexual assault. [*Guajardo*, 300 Mich App at 40 n 4.]


The evidence in this case indicated that defendant brought the gun over to the victim's house. Two witnesses had seen defendant with the same gun before. There was no indication that defendant obtained the weapon immediately before or during the confrontation. Thus, we conclude that the facts of this case do not pass *Guajardo*'s temporal or method-of-obtaining-the-weapon inquiries. None of the evidence would have allowed the jury to conclude that defendant had possession of a firearm only for the time necessary to respond to an honest and reasonable belief of imminent death or great bodily harm. Thus, we conclude that defendant was not entitled to a self-defense jury instruction. And accordingly, the trial court's refusal to give the instruction is not cause for reversal.

## STANDARD 4 BRIEF

In a Standard 4[1] brief, defendant argues that there was insufficient evidence to support his conviction of second-degree murder. We disagree.

To sustain a conviction, due process requires that there be sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. See *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). A challenge to the sufficiency of the evidence is reviewed de novo. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). We review such a challenge by viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Bennett*, 290 Mich App 465, 471-472; 802 NW2d 627 (2010). In applying this standard, we "must draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011) (quotation marks and citation omitted). Circumstantial evidence and any reasonable inferences flowing from that evidence can prove the elements of a crime. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

To convict defendant of second-degree murder, the prosecution had to prove beyond a reasonable doubt (1) that the victim died; (2) that defendant caused the victim's death; (3) that there was no excuse or justification for defendant causing the victim's death; and, (4) that defendant did so with malice. *People v Dykhouse*, 418 Mich 488, 499-500; 345 NW2d 150 (1984). Malice means that the defendant intended to kill or knowingly created a high risk of death. *Id*.

Defendant does not contest that the victim died or that he caused the victim's death. Defendant only contests implicit findings that there was no justification for him having caused the victim's death and that he did so with malice. There is no doubt that defendant suffered a severe stab wound to his side. The only evidence indicating that the victim was the person who

---

[1] Administrative Order No. 2004-6.

inflicted the stab wound, thus potentially providing a justification, was defendant's statement on the police officer's body camera that the victim stabbed him first. However, two witnesses—Magana and Lopez—both testified that they saw the victim leave the house to go outside to investigate the knocking noises and that he did not have anything in his hands at that time. Similarly, police officers who searched the immediate and surrounding areas were not able to locate any bladed weapons that could have been used to stab defendant. Additionally, defendant made a threat on the victim's life the night before the shooting. In drawing all reasonable inferences and making credibility choices in support of the jury verdict, *Cameron*, 291 Mich App at 613, and viewing the evidence in the light most favorable to the prosecution, *Bennett*, 290 Mich App at 471-472, a rational jury could have concluded that the circumstantial evidence and any reasonable inferences flowing from that evidence, *Nowack*, 462 Mich at 400, proved that there was no justification for killing the victim and that there was malice. Thus, we conclude that there was sufficient evidence to convict defendant of second-degree murder.

Defendant next argues that he received ineffective assistance of counsel. Defendant did not preserve this issue by bringing a motion for either a new trial or a *Ginther*[2] hearing. Thus, this issue is unpreserved. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Unpreserved claims are reviewed for plain error affecting the defendant's substantial rights. *Carines*, 460 Mich at 763.

In order to find merit in a defendant's claim of ineffective assistance of counsel, the defendant must prove: (1) that the attorney made an error, and (2) that the error was prejudicial to defendant. *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 311, 314; 521 NW2d 797 (1994). That is, first, a defendant must show that trial counsel's performance fell below an objective standard of reasonableness. *People v Russell*, 297 Mich App 707, 715-716; 825 NW2d 623 (2012). We must analyze the issue with a strong presumption that trial counsel's conduct fell within a wide range of what constitutes reasonable professional assistance, and the test requires that the defendant overcome the presumption that the challenged action or inaction might have been sound trial strategy. *People v Leblanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Second, a defendant must show that, but for trial counsel's deficient performance, a different result would have been reasonably probable. *Russell*, 297 Mich App at 715-716.

Defendant first argues that counsel was ineffective for failing to interview the prosecution's witnesses before trial and that counsel was therefore unable to subject the prosecution's case to meaningful adversarial testing. We disagree.

Counsel always has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Here, counsel thoroughly cross-examined each of the witnesses that the prosecution presented. Counsel was able to attack the credibility of the two primary witnesses by eliciting evidence of drug use and prior criminal convictions involving dishonesty,

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

and by exposing the fact that damaging evidence was not revealed until the day before trial. Defendant has not indicated that there was any additional information that counsel would have gleaned from interviewing the witnesses before trial. Counsel's cross-examinations of these two material witnesses indicate that any additional or specific investigation may have been unnecessary. *Id*. We conclude that counsel's performance did not fall below an objective standard of reasonableness in this regard.

Defendant also argues that counsel was ineffective because she did not present evidence regarding the statements that defendant made to a police officer about the victim allegedly stabbing him. It is true that counsel did not present this evidence. However, it was unnecessary for her to do so because the prosecution presented this evidence and Plaintiff's exhibit 3, which was video footage from the police officer's body camera that apparently showed defendant making the subject statements, was admitted. The jury saw and heard this evidence. Thus, we conclude that counsel's performance did not fall below an objective standard of reasonableness, *id.*, in this regard.

Defendant also argues that counsel was ineffective for failing to present evidence that defendant had gone to the victim's house on the night of the killing to see one of the victim's roommates and that he was knocking on the roommate's window. But again, the prosecution presented this evidence. During one witness's testimony, the prosecution established that the subject roommate was sleeping in a room on the ground floor of the house with a window and that the witness heard knocking on that window. Another witness testified that defendant and the roommate had a prostitute-customer relationship. A rational jury could infer from this evidence that defendant was knocking on the window of the roommate's room because he wanted to see her. Since these facts were in evidence, we conclude that counsel's performance did not fall below an objective standard of reasonableness, *id.*, for failing to present such evidence.

Defendant lastly argues that the prosecutor committed misconduct. We note that defendant did not preserve this issue by contemporaneously objecting and requesting a curative instruction. See *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Unpreserved claims are reviewed for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763. We find no plain error.

The test for prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context. *People v Mann*, 288 Mich App 114, 119; 792 NW2d 53 (2010). The propriety of a prosecutor's remarks depends on all the facts of the case. *People v Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002) (citation omitted). Prosecutors are generally afforded great latitude with their arguments and conduct and are free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995).

Defendant argues that the prosecutor committed misconduct by arguing to the jury that the victim was not home on the night before the incident, despite evidence indicating that he may have been home. Considering the propriety of the prosecution's remarks based on the facts of the case, *Mann*, 288 Mich App at 119, the prosecution, at most, could be charged with choosing

one witness's version of the event over another's. One witness's version did support the prosecution's statements to the jury. Thus, the prosecution's argument was consistent with evidence and reasonable inferences from that evidence as it related to its theory of the case. *Bahoda*, 448 Mich at 282. Accordingly, defendant has not demonstrated plain error.

Defendant also claims that the prosecution committed misconduct by stating that defendant shot the victim in the back while he was lying face down. In reading the prosecution's remarks in context, *Mann*, 288 Mich App at 119, we note that the prosecutor first stated that the victim was "face down on the ground" and then described where the victim was shot. The prosecution did not seem to be saying that the victim was shot in the leg, chest, and back after he was face down. Rather, the prosecution was making two separate statements, although perhaps not as eloquently as desired. The evidence does indeed indicate that defendant was shot in the leg, chest, and back, although the medical examiner could not determine the order of the shots. The prosecution again seems to be taking the facts of the case and making an argument to support its theory, which is proper. *Bahoda*, 448 Mich at 282. Thus, we conclude that defendant has not demonstrated plain error in this regard.

Defendant next argues that the prosecution committed misconduct because it argued that defendant was not at the victim's house to see the roommate, but was there to murder the victim as evidenced, in part, by defendant not knocking on the roommate's window. The evidence does actually support the proposition that defendant knocked on the roommate's bedroom window after knocking on the front door. Thus, this factual inaccuracy may be plain error. However, it did not affect defendant's substantial rights, as there was independent evidence to support the prosecution's theory of the case. That is, the error did not affect the outcome of the lower court proceedings. *Carines*, 460 Mich at 763.

Defendant lastly argues that the prosecution committed misconduct because it argued that the victim could not have stabbed defendant as he claims because the victim was right-handed and defendant suffered a stab wound on his left side, which he claimed happened when the victim stabbed him from behind. This was supported by the evidence and reasonable inferences, and was proper. *Bahoda*, 448 Mich at 282. Thus, we conclude that defendant has not demonstrated plain error.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra