*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 24, 2022

v

No. 355863
Calhoun Circuit Court
LC No. 2017-001326-FC

KYLAND ANDREW HUDSON,

Defendant-Appellant.

Before: CAVANAGH, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right the sentence imposed on remand for his jury trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c), production of child sexually abusive material, MCL 750.145c(2), and second-degree child abuse, MCL 750.136b(3). Given the trial court's failure to justify the extent of the particular departure sentence imposed, we remand for a second resentencing before the same judge.

## I. BACKGROUND

Defendant was charged with, and ultimately convicted of, the crimes indicated above. The convictions stem from the discovery of five pornographic videos depicting defendant sexually assaulting his minor stepdaughter, while she was unconscious, on defendant's cell phone. On December 4, 2017, the trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to 360 to 720 months' imprisonment for the CSC-I conviction, 118 to 360 months' imprisonment for the production of child sexually abusive material conviction, and 107 to 180 months' imprisonment for the second-degree child abuse conviction. The minimum sentence imposed with respect to defendant's CSC-I conviction represented an upward departure of 79 months over the top of the guidelines range.

-1-

Defendant thereafter appealed his convictions and sentence[1] to this Court. See *People v Hudson*, unpublished per curiam opinion of the Court of Appeals, issued August 29, 2019 (Docket No. 342001). This Court affirmed defendant's convictions but remanded the case for resentencing, concluding that, while the trial court articulated three legitimate grounds for imposing an above-guidelines sentence, it erred by failing "to explain on the record its rationale for departing by 79 months . . . [or] reference the guidelines range when . . . d[oing] so." *Hudson*, unpub op at 9. The majority also faulted the trial court for "not explaining how or why the guidelines inadequately accounted for defendant's conduct . . . [or] how the selected sentence was more proportionate than a sentence falling within the minimum sentencing guidelines range would have been." *Id*.

Defendant was resentenced before the same judge on November 16, 2020.[2] The trial court stated at resentencing that, "at the [initial] sentencing, [it] stated on the record what [it] believe[s] to be a sufficient basis to exceed the guidelines." The trial court then explicitly adopted those prior statements and arguments as well as defendant's prior presentence investigation report (PSIR), elaborated somewhat on its reasoning, reviewed the updated PSIR, and thereafter imposed the same sentences. This appeal followed.

## II. ANALYSES

Defendant asserts that he is entitled to a second resentencing because the trial court improperly relied on inaccurate information in imposing his sentence. We disagree.

Because defendant did not properly preserve this issue in the trial court, we apply plain error review. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020) (providing that issues generally may not be raised for the first time on appeal); see also *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004) (stating that, even though there is no specific preservation requirement to challenge an above-guidelines sentence generally, unpreserved challenges based on a scoring error are subject to plain error review[3]). Under plain error review, the defendant must show that "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. (omission in original) (quotation marks and citation omitted). In addition, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of judicial

---

[1] Defendant's sentencing challenges here and on the initial appeal relate specifically to the CSC-I conviction. Only defendant's sentence for the CSC-I conviction exceeded the minimum guidelines range; therefore, all references to the above-guidelines sentence, departure, or departure sentence relate specifically to defendant's sentence for the CSC-I conviction.

[2] This proceeding was conducted remotely due to COVID-19.

[3] Though this case dealt with a sentencing challenge based on a scoring error as opposed to inaccurate information based on a factual misstatement, the Court's conclusion was based on a statute that applied to appeals on both these issues. See *Kimble*, 470 Mich at 309. We believe *Kimble* case is also instructive here because a sentence based on a scoring error is also necessarily based on inaccurate information.

-2-

proceedings." *People v Randolph*, 502 Mich 1, 10; 917 NW2d 249 (2018) (quotation marks and citation omitted).

"A defendant is entitled to be sentenced by a trial court on the basis of accurate information." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). If a sentence is based on inaccurate information, it is invalid. *Id*. The defendant bears the burden of proving that the information is inaccurate. See *People v Odom*, 327 Mich App 297, 314; 933 NW2d 719 (2019).

Defendant argues that his second sentence was based on inaccurate information because the trial court mistakenly stated at resentencing that defendant had used the victim's own medication against her, even though the medications at issue actually belonged to defendant. Defendant specifically highlights the trial court's reference to "her medication" and statement that defendant "used [the victim's] medication against her when it was supposed to help her."

Undisputed testimony established that the medications were indeed prescribed to defendant, not the victim. Specifically, defendant stated that he "g[ot] [the victim] one of *my* medications and gave it to her" and that "[the victim] had been taking some of *my* medication." (Emphasis added.) It was thus a clear mistake for the trial court to find during resentencing that defendant was using the victim's—instead of his own—medication. However, defendant has not met his burden under plain error review to show that he was prejudiced by this inaccurate information. Having misstated the applicable standard of review, defendant failed to mention prejudice altogether. But without additional evidence of prejudice, this Court may not remand for resentencing under plain error review. Moreover, we fail to see how the stated inaccurate information would establish prejudice. Drugging someone with one's own prescriptions is no less serious—indeed, it could be more serious—than doing so with a victim's own medications. In short, the harmless mistake of stating to whom the medication belonged did not seriously affect the fairness, integrity, or reputation of the proceedings.

Defendant next argues that the trial court erred at resentencing by failing to specifically justify the extent of the above-guidelines sentence. We agree.

A sentence above the guidelines range is reviewed for reasonableness. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). This Court applies an abuse of discretion standard when reviewing the reasonableness of a sentence. *Id*. Specifically, this Court must ask "whether the trial court abused its discretion by violating the principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990) in its imposition of sentence. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

In *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), our Supreme Court held that Michigan's sentencing guidelines are merely advisory in a trial court's sentencing determination. However, "[the guidelines] remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *Id*. at 391. Accordingly, while a trial court no longer needs to give a "substantial and compelling reason" to depart from the guidelines range, as was required before *Lockridge*, it still must "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Id*. at 391-392. Trial courts must also justify the sentence given to facilitate appellate review. *Id*. at 392.

A sentence must also comport with the principle of proportionality. See *Dixon-Bey*, 321 Mich App at 520-521. This requires the trial court to "take into account the nature of the offense and the background of the offender" to ensure "that the sentence[] . . . [is] proportionate to the seriousness of the matter[]." *Milbourn*, 435 Mich at 651. The trial court must provide a sufficient explanation for "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525, quoting *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

In determining whether an above-guidelines sentence is more proportionate than a sentence within the guidelines range, courts consider "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted). Relevant factors not considered by the guidelines include, among other things, "the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019). [4]

At defendant's resentencing, the trial court adopted the PSIR, finding that the guidelines were appropriately scored, but deemed the guidelines inadequate given the nature of defendant's conduct. In addition to adopting its reasoning from the initial sentencing, the trial court specifically stressed defendant's grooming of the victim, his use of prescription medications in perpetrating the assault, and the impact on the victim due to the assault having been recorded as factors not adequately considered by the guidelines, and thus, reasons to depart from the recommended guidelines range. The trial court stated:

> [W]hen I look at all of the factors here, all the guideline scoring, I don't believe . . . the guidelines appropriately assess the damage you have done in this particular case to this victim or her family, and that your behavior in this case is beyond what is comprehended in the sentencing guidelines.

The trial court thus adequately responded to this Court's earlier criticism that, at the initial sentencing, it had failed to explain "how or why the guidelines inadequately accounted for defendant's conduct." See *Hudson*, unpub op at 9. What the trial court failed to do, however—as was also required by this Court's earlier opinion—was to provide rationale for the *particular extent*

---

[4] Furthermore, this Court is bound to follow the legal conclusions set forth in this Court's opinion from the prior appeal under the law-of-the-case doctrine. *AFT v Michigan*, 334 Mich App 215, 224-225; 964 NW2d 113 (2020). The law-of-the-case doctrine provides that:

> once "an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions . . . determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." [*AFT v Michigan*, 334 Mich App 215, 224-225; 964 NW2d 113 (2020) (omission in original), quoting *Grievance Administrator v Lopatin*, 462 Mich 235, 259; 612 NW2d 120 (2000).]

of the 79-month departure imposed. See *id*. ("The minimum sentence imposed by the trial court exceeded the top of the guidelines range by 79 months—a substantial departure. . . . [But] without further explanation of how or why the trial court selected *this number*, [resentencing is warranted].") (emphasis added); see also *Milbourn*, 435 Mich at 660 ("Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality.") and *People v Parkins*, 507 Mich 916; 956 NW2d 507 (2021) (remanding for resentencing because the trial court failed to explain both how the guidelines variables were insufficient and how the extent of the ultimate departure was justified).

Despite its expanded analysis regarding the insufficiency of the guidelines range, the trial court still provided no reasoning supporting why the particular and significant departure of 79 months was appropriate. In fact, the single reference to the numerical sentence imposed merely involved the court's general imposition of the sentence; but no rationale was included to indicate how or why such a significant departure was selected. While a 79-month departure may indeed be warranted under the existing facts, that is not a determination for this Court to make on appeal. See *Hudson*, unpub op at 9. The trial court still has an obligation to articulate why the specific sentence it imposed was appropriate rather than, for example, an upward departure of only 6 months or a year. Because the trial court erred in again failing to articulate a justification for the extent of the particular 79-month departure sentence given defendant is entitled to a second resentencing.

Finally, defendant asserts that a second resentencing must be conducted before a different judge. We disagree.

To determine whether remand to a new judge is appropriate, this Court examines the following factors:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [*People v Walker*, 504 Mich 267, 285-286; 934 NW2d 727 (2019).]

We not believe that the existing judge on remand would have substantial difficulty in putting aside prior views or erroneous findings. Even though the trial court did err a second time in not sufficiently justifying the extent of its 79-month departure, there is no evidence that this mistake was purposeful or a result of bias. Indeed, the trial court at the initial resentencing refused a request from the prosecutor to, for the first time, impose consecutive sentencing for defendant's multiple convictions. The trial court stated:

> Regarding the last request, I don't believe that would be appropriate here at this resentencing as the Court of Appeals was pretty specific and I think specific enough in directing me, and what I'm to do at this particular hearing, and that is place on

the record what I believe are adequate reasons for exceeding the guidelines and not look at consecutive sentencing.

This excerpt demonstrates that the trial court was attempting to follow this Court's guidance and that its ultimate error was likely due to a misunderstanding of the full scope of this Court's prior opinion rather than any inability to rule impartially.

For similar reasons, a new judge is not required to preserve the appearance of justice. And finding the first two factors lacking, there also would be no significant gain outweighing the waste entailed were this Court to order resentencing before a different judge. Defendant has thus not established that he should be resentenced before a different judge.

We remand for a second resentencing before the same judge. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Deborah A. Servitto