*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS D. SMITH,

        Defendant-Appellant.

UNPUBLISHED
July 27, 2023

No. 362672
Oakland Circuit Court
LC No. 2021-277995-FH

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] his no-contest plea-based conviction of delivery of methylenedioxymethamphetamine (MDMA) (commonly known as "ecstasy"), MCL 333.7401(2)(b)(*i*). Defendant was sentenced, as a fourth-offense habitual offender, MCL 769.12, to 6 to 45 years' imprisonment for the conviction. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises out of defendant's plea of guilty as stated above. Prior to his plea, defendant requested a preliminary evaluation of his sentence under *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993). The trial court agreed to a *Cobbs* evaluation at the bottom one-half of the applicable sentencing guidelines range for the delivery of ecstasy conviction. Defendant subsequently pleaded no contest under the *Cobbs* agreement.[2] The trial court then held a

---

[1] See *People v Smith*, unpublished order of the Court of Appeals, entered October 3, 2022 (Docket No. 362672).

[2] In their respective papers submitted on appeal, there is discussion by defendant and the prosecution regarding what was meant by the bottom of the guidelines. However, defendant does not challenge whether the trial court violated the *Cobbs* agreement and as will be stated more fully *infra*, it is clear that the trial court sentenced defendant within the parameters of the *Cobbs* agreement.

sentencing hearing, during which defense counsel aired her grievances concerning the minimum sentencing guidelines range, which was 51 to 170 months, and noted while "they, unfortunately, appear to be correct[,]" "with this particular type of the offense, the guidelines [were], in [her] opinion, [were] quite high." Defense counsel further asserted "51 months [wa]s more than sufficient to satisfy by way of punishment, as well as rehabilitation all of the aspects that the [c]ourt ha[d] to look at as it relates to sentencing[,]" as opposed to the 9-to-45-year sentence recommended by the Michigan Department of Corrections (MDOC) for the underlying offense.

The prosecution concurred, during the sentencing hearing, "the nine years [wa]s a high sentence in light of the facts and circumstances . . . even though [defendant] was on probation for a similar offense[,]" and asked the trial court to follow the *Cobbs* evaluation and sentence defendant to "the bottom of the guidelines." The trial court further recognized defendant's potential for rehabilitation, and iterated its belief that "no matter what your history is, no matter how old you are, you can change your life and go in a great direction." The trial court subsequently determined it was "in the best interest of justice" to sentence defendant to 6 to 45 years' imprisonment for the delivery of ecstasy conviction because of defendant's extensive criminal history despite previous "very lenient sentence[s] of just probation." Following sentencing, this appeal ensued.

## II. ANALYSIS

On appeal, defendant argues the trial court abused its discretion when it sentenced defendant to 6 to 45 years' imprisonment for the delivery of ecstasy conviction because the sentence was unreasonable, disproportionate, and violated defendant's due process rights.

"There are no special steps that a defendant must take to preserve the question whether the sentence was proportional; a defendant properly presents the issue for appeal by providing this Court a copy of the presentence investigation report." *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017). Thus, the proportionality issue is properly presented for review. However, to preserve a challenge to a sentence within the sentencing guidelines range, the issue must be "raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004); MCL 769.34(10). Defendant did not raise any additional challenges at sentencing, in a motion for resentencing, or a motion to remand; rather, defendant presents some additional arguments for the first time on appeal. Thus, his remaining arguments are unpreserved.

Here, there is no dispute that defendant's minimum sentence was within the range recommended by the sentencing guidelines. "A sentence that *departs from the applicable guidelines range* will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015) (emphasis added). Generally, when this Court reviews a trial court's sentencing decision for an abuse of discretion; the proper inquiry is "whether the trial court abused its discretion by violating the 'principle of proportionality' . . . , which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and offender." *People v Posey*, 334 Mich App 338, 354-355; 946 NW2d 862 (2020) (quotation marks and citations omitted). However, as is the case here, a sentence within the recommended minimum sentencing guidelines range, our review is limited by statute and court rule thusly: "the minimum sentence must be affirmed unless there was an error in scoring or the

trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); MCL 769.34(10).

"This Court generally reviews constitutional questions de novo." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). However, we "review unpreserved constitutional issues for plain error affecting substantial rights." *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Stokes*, 333 Mich App 304, 307; 963 NW2d 643 (2020), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.*

This Court has held: "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10). "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). In contrast, however, "[a] sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment." *Posey*, 334 Mich App at 358.

MCL 769.34(10) provides:

(10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

As previously stated, it is undisputed that defendant's sentence was within the minimum sentencing guidelines range of 51 to 170 months. It is also undisputed that defendant, pursuant to a *Cobbs* agreement, was sentenced to the bottom one-half of the guidelines range. On appeal, defendant does not challenge the scoring of the sentencing guidelines nor does defendant allege that the court relied on inaccurate information during sentencing. Consequently, the plain language of MCL 769.34(10) requires this Court to affirm defendant's sentence. However, "MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment." *Posey*, 334 Mich App at 357. To overcome the presumption that a within-guidelines sentences is proportionate, a defendant must

present "unusual circumstances that would render a presumptively proportionate sentence disproportionate." *Id*. at 358.

Hence, on appeal, defendant asserts that the imposition of the 6-to-45-year sentence for his delivery of ecstasy conviction was unreasonable, disproportionate, and violated his due process rights, and thus, rendered the sentence unconstitutional. In attempting to provide authority for his argument, defendant endeavors to equate what he believes to be the trial court's failure to adequately consider the significant disparity between the imprisonment terms for delivery of ecstasy in comparison to heroin or cocaine, despite the fact, defendant argues, that ecstasy is less dangerous and addictive than the latter controlled substances. Defendant cites to *Kimbrough v United States*, 552 US 85, 110-111; 128 S Ct 558; 169 L Ed 2d 481 (2007), for the proposition that in its evaluation of sentencing disparities between crack cocaine and powder cocaine, a trial court must consider the disproportionately harsh sanctions imposed between two controlled substances to justify an imposed sentence.

However, defendant's arguments on this issue are unpersuasive. Putting aside defendant's failure to understand the core rationale behind sentencing discrepancies for crack and powder cocaine, in *Kimbrough*, the United States Supreme Court determined that the trial court's imposition of a downward departure sentence did not constitute an abuse of discretion because the trial court presented a detailed rationale addressing how (1) the discrepancies in the minimum sentencing guidelines range between crack cocaine and powder cocaine led to disproportionate and unjust sentencing decisions, and (2) imposing a sentence within the minimum sentencing guidelines range appeared excessive in light of the defendant's previous service in the United States Marine Corps, steady employment, and minimal criminal history. *Id*. Contrary to defendant's arguments on appeal, the United States Supreme Court did not mandate trial courts to impose downward departure sentences in order to address sentencing disparities between various controlled substances, rather, it noted that the trial court appropriately considered that " 'the crack cocaine guidelines [drove] the offense level to a point higher than is necessary to do justice in *this case*." *Id*. at 111 (emphasis added; citation omitted). Furthermore, "while 'grossly disproportionate sentences may constitute cruel and unusual punishment,' this Court distinguishes between 'proportionality' as it relates to constitutional rights, and 'proportionality' as it relates to 'reasonableness review of a sentence, which is not constitutional in nature.' " *Posey*, 334 Mich App at 358. Lastly, the issue of the legislature's authority to prescribe different sentences for the possession or delivery of different controlled substances, even if "unusual," is not before this Court. Because MCL 769.34(10) precludes appellate review of defendant's sentence, and he does not raise a viable constitutional challenge to the sentence, the statute dictates affirmance of his sentence.[3]

Even if we were not bound by MCL 769.34(10), defendant would still not be entitled to relief. In *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017), our Supreme Court clarified that "the relevant question for appellate courts reviewing a sentence for reasonableness"

---

[3] We are aware that our Supreme Court scheduled oral argument on this Court's decision in *Posey*. *People v Posey*, 508 Mich 940 (2021). However, our Supreme Court has not yet issued a decision, hence Posey remains binding precedent. MCR 7.215(J)(1).

is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." Consequently, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 472 (quotation marks and citation omitted).

Here, despite defendant's protestations to the contrary, the trial court considered all of the arguments defendant's advances on appeal that, in defendant's opinion, should subject him only to a 51-month sentence. First, such a sentence was never under consideration by the trial court as part of defendant's *Cobbs* agreement. Following the taking of the plea, the trial court specifically informed defendant how it would calculate the "bottom of the guidelines."

> I will make a representation pursuant to the illustrious Supreme Court case of *People v Cobbs*, that any term of incarceration he might receive would not exceed the bottom one-half of the guideline range since he's on probation for the same offense and there's this other Macomb County case.

> That calculation would be done differently than normal because it's possible that the bottom of the guideline range here would be higher than typical. So we'll take the top of the guideline range, subtract it from the bottom of the guideline range. Take that difference, divide that by two, and add it back to the bottom . . . .

Hence, at the time of his plea, defendant knew that his guidelines were 51-170 months, and by applying the trial court's simple math, defendant knew that he would not be receiving a 51-month sentence.

Secondly, all of the additional factors defendant claims on appeal should have mitigated his sentence were taken into consideration by the trial court when it opined:

> . . . I'm familiar with the facts and circumstances of the case, as well as those surrounding the [d]efendant. The advisory guideline range on this case is 51 to 170 months. He's 31 years of age. He was on probation at the time of the offense. Six prior felonies, five misdemeanors. Unemployed. I don't know if we corrected the bond having been revoked on CJF 145, but we should make sure that's true.

> He does have a history of substance abuse. Twelfth grade education. I also noted that he would like to . . . attend trade school. I think that's a great idea.

> * * *

> I find—first, I want to say that I appreciate everything that [defendant] had to say. I take it at face value. I completely agree that people can redeem themselves. And no matter what your history is, no matter how old you are, you can change your life and go in a great direction. It sounds hopefully that you can internalize that.

The trial court further detailed defendant's previous felony and misdemeanor convictions, and noted:

[Defendant's] history begins back in 2009 with suspended operations. He has a financial transaction device [FTD] in 2009, as well. A variety of other entries in the criminal history. Careless driving. FTD possession of fraudulent one. FTD stealing, retaining without consent by another financial transaction device. 2012, another one of those. Operating without a license, that and controlled substance, delivery, manufacture of narcotic slash cocaine less than 50 grams, as well as delivery, manufacture of marijuana.

From this record, we conclude that the trial court adequately considered the nature of the offense and defendant's background before imposing a within-guidelines sentence, and the imprisonment terms for the delivery of ecstasy conviction abided by the *Cobbs* evaluation. Accordingly, in the absence of any argument or evidence that his sentence constituted cruel or unusual punishment, and given that his sentence was presumptively proportionate, and on this record proportionate under *Steanhouse,* we affirm defendant's sentence.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien