*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

BRANDON SCOTT KNIGHT,

    Defendant-Appellant.

UNPUBLISHED
December 18, 2025
8:48 AM

No. 372004
Oakland Circuit Court
LC No. 2023-287328 FH

---

Before: RIORDAN, P.J., and GARRETT and MARIANI, JJ.

PER CURIAM.

Following a jury trial, defendant Brandon Knight was convicted of using a computer to commit a crime (MCL 752.797(3)(d)), and capturing or distributing an image of an unclothed person (MCL 750.539j(1)(b), (c)). In a separate, related case,[1] defendant was found not guilty of another count of capturing or distributing an image of an unclothed person. Defendant was sentenced, as a fourth habitual offender, to 5 years and 4 months to 30 years in prison (with credit for 279 days). Defendant now appeals by right. Although defendant's claims of error lack merit, a separate error acknowledged by the prosecution warrants resentencing. Accordingly, we affirm defendant's convictions, but vacate his sentence and remand for resentencing consistent with this opinion.

## I. BACKGROUND

Defendant and the victim met online through mutual friends and, in early October 2022, the victim began living in a trailer owned by defendant's father. The victim testified that, according to a verbal agreement with defendant's father, she was supposed to live alone in the trailer for six months while defendant was incarcerated, and then also through a subsequent period when he would have entered a sober living facility. Defendant, meanwhile, testified that the victim lived in the trailer at his invitation and that the victim had not discussed alternate arrangements with his father. It is uncontested, however, that the victim lived with defendant in the trailer for

---

[1] Lower court case number 2023-286611-FH.

approximately 17 days and that, at some point during that time, the victim and defendant engaged in sexual relations. Defendant admits that he recorded some of those sexual encounters on video, that he took screenshots of one such recording, and that on June 19, 2023, he sent such screenshots to the victim's then-boyfriend.[2] The parties dispute whether the victim gave defendant her permission to record and disseminate the videos.

In her testimony at trial, the victim described her reaction to seeing the screenshots that were sent to her boyfriend. She described herself as upset, shocked, and sick to her stomach; she testified that she remembers "crying a lot over it," and that she "felt . . . violated." The victim also made a statement on the record at the sentencing hearing, describing the negative mental impact the crime had on her.

Defendant was convicted and sentenced as described above. This appeal followed.

## II. PROSECUTORIAL MISCONDUCT

Defendant first contends that the prosecutor committed misconduct and denied him a fair trial by (1) improperly suggesting that defendant needed to present evidence at trial to corroborate or substantiate his testimony, and (2) inappropriately bolstering the credibility of a prosecution witness—the victim's boyfriend.

As defendant acknowledges, his claims of prosecutorial misconduct are not preserved and are thus reviewed "for plain error affecting [his] substantial rights." *People v McLaughlin*, 258 Mich App 635, 645; 672 NW2d 860 (2003). To obtain appellate relief under plain-error review, defendant must show "1) [an] error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999) (citation omitted). The third prong of this test generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. *Id*. And even when those three requirements have been met, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (cleaned up).

We do not see merit in defendant's claim that the prosecutor improperly shifted the burden of proof. "[A] prosecutor may not comment on the defendant's failure to present evidence because it is an attempt to shift the burden of proof," nor may a prosecutor "imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). That said, "[w]hile the prosecution may not use a defendant's failure to present evidence as substantive evidence of guilt, the prosecution is entitled to contest fairly evidence presented by a defendant." *People v Caddell*, 332 Mich App 27, 71; 955 NW2d 488 (2020) (quotation marks and citation omitted). And as our Supreme Court has explained,

---

[2] Some trial testimony suggests that the victim's relationship status with the boyfriend evolved over the course of this case. For ease and clarity, we refer to him as "boyfriend" throughout this opinion.

"[W]here a defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant." *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995). See also, e.g., *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005) (explaining that "attacking the credibility of a theory advanced by a defendant does not shift the burden of proof"); *People v Callon*, 256 Mich App 312, 331; 662 NW2d 501 (2003) (concluding that "the prosecutor did not shift the burden of proof" but "merely attacked the credibility of a theory defendant advanced at trial").

Defendant has failed to show plain error under this settled authority. As noted, defendant testified at trial, and he and the victim presented the jury with competing versions of events. Defendant takes issue with various questions the prosecutor asked him during cross-examination that focused on the credibility his offered, and exonerating, version and whether there was any other evidence that would support it. But as the above-cited caselaw indicates, such probing of defendant's testimony and theory of the case was permissible, and did not improperly shift the burden of proof to defendant. See, e.g., *Fields*, 450 Mich at 115; *Caddell*, 332 Mich App at 71.

Defendant also takes issue with the following exchange between the prosecutor and the victim's boyfriend, regarding Facebook messages that had been exchanged between the boyfriend and defendant:

> *A.* That was the last message the month before, yes.
>
> *Q.* Okay. No correspondence in between then?
>
> *A.* I can open my phone and show you right now.
>
> *Q.* Okay.
>
> *A.* And I believe that the Messenger says deleted messages. If you do try to delete a message, it will say deleted message on the Messenger. I can show you my phone. It's in my pocket.
>
> *Q.* Okay. I trust you . . . .

Defendant conclusorily claims that, by saying "Okay. I trust you," the prosecutor impermissibly bolstered the credibility of the witness. Defendant, however, offers no argument or authority to support that claim, and has thereby abandoned it. See *People v Burkett*, 337 Mich App 631, 639 n 4; 976 NW2d 864 (2021) ("[A]n appellant may not simply announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). Moreover, the argument lacks apparent merit. In general, "[a] prosecutor may not vouch for the credibility of his or her witnesses." *People v Bennett*, 290 Mich App 465, 478; 802 NW2d 627 (2010). Such impermissible bolstering occurs when the prosecutor implies that he or she "has some special knowledge of [the witness's] truthfulness." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). But as its context makes clear, the isolated comment challenged here carried no such impermissible implication, and instead simply conveyed to the witness that it was unnecessary to show the

notification messages on his phone at that time. Defendant has not demonstrated entitlement to relief on this basis.

### III. SENTENCING ERRORS

Turning to his sentence, defendant contends that the trial court erred in its scoring of OV 4 and OV 10. According to defendant, neither OV should have been assessed any points, and he is entitled to resentencing as a result. Although we find no merit in defendant's arguments on appeal, we nevertheless vacate defendant's sentence and remand to correct a sentencing error that is, as the prosecution acknowledges, apparent from the record.

"A defendant is entitled to be sentenced according to accurately scored guidelines and on the basis of accurate information. A sentence is invalid when a sentencing court relies on an inappropriate guidelines range." *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). "[A] sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *Id.* (alteration in original) (footnotes and citations omitted).

"In reviewing a trial court's calculation of a defendant's sentencing guidelines score, this Court reviews factual determinations for clear error, and factual determinations must be supported by a preponderance of the evidence." *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (citation omitted). Unpreserved scoring challenges are reviewed for plain error affecting substantial rights. See *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004).

### A. OV 4

OV 4 addresses "psychological injury to a victim." See MCL 777.34(1). A sentencing court is required to "[s]core 10 points if the serious psychological injury may require professional treatment," but "the fact that treatment has not been sought is not conclusive." MCL 777.34(2). Defendant was assessed 10 points for OV 4.

At the sentencing hearing, defendant argued that no points should have been assessed for OV 4 because there was no evidence that the victim suffered psychological injury requiring professional treatment—namely, that "there's no evidence to suggest that there's any treatment involved." Defendant does not renew that line of argument on appeal, however, and instead challenges the scoring of the OV on the basis that there was no evidence of psychological harm connected to the sentencing offense. Defendant reasons that, in this case, he was convicted of (1) using a computer to commit a crime and (2) capturing or distributing an image of an unclothed person—both of which arose from the transmission of the screenshots to her boyfriend. According to defendant, however, none of the evidence presented regarding the victim's psychological harm related to that act.

Because defendant did not challenge the scoring of OV 4 on this basis below, his argument is reviewed under the plain-error standard. See *Kimble*, 470 Mich at 312. Defendant, however,

-4-

has not shown error, let alone plain error, on this basis.[3]  Defendant correctly observes that "[OV]s must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *McGraw*, 484 Mich at 133.  And because OV 4 does not specifically provide otherwise, this Court may only consider defendant's sentencing offense for purposes of the OV's scoring.  See MCL 777.34(2); *People v Biddles*, 316 Mich App 148, 167; 896 NW2d 461 (2016).  Defendant is also correct that the victim complained mainly of psychological distress caused by her alleged detention by defendant against her will, as well as her allegations of coerced sex acts; there is less evidence that is connected directly to the transmission of the screenshots.  At trial, however, the victim did describe the emotional harm she experienced upon realizing that defendant had sent her boyfriend sexually explicit images of her without her knowledge or consent.  The victim testified that, after she saw the transmitted screenshots, she "became upset," "was shocked," "felt pretty sick to my stomach," "cr[ied] a lot over it," and "felt . . . violated."  Defendant fails to explain how such testimony falls short of the sort of psychological harm sufficient to support a 10-point score for OV 14.  See, e.g., *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014)  ("The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated.").

## B.  OV 10

Defendant's challenge to his 10-point score for OV 10 similarly lacks merit.  Under OV 10, a score of 10 points is warranted if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status."  MCL 777.40(1)(a), (b).  The statute provides that "exploit" means "to manipulate a victim for selfish or unethical purposes."  See MCL 777.40(3)(b).

At the outset, we note that the record belies defendant's suggestion that the trial court's rationale for its 10-point score is "unknown."  On his presentence investigation report, defendant was initially assessed 15 points for OV 10, a score that is warranted when "[p]redatory conduct was involved."  MCL 777.40(1)(a).  At the sentencing hearing, defendant argued that the OV should instead be scored at 0 points because, while the dissemination of the screenshots "was certainly poor judgment," it did not reflect predatory conduct.  The prosecution maintained that 15 points was appropriate, stressing how defendant, through his transmission of the screenshots, exploited the parties' prior cohabitation and relationship to "harass[]" the victim.  The court pressed the prosecution on "what kicks [the OV] up from 10-15"—that is, what circumstances would elevate defendant's conduct "beyond exploitation of a domestic relation" to "the heavier word of predatory"—and ultimately concluded that the conduct "fit[] most fully" with a 10-point score.

Defendant has failed to show that the court erred in this conclusion.  Defendant argues that he did not exploit any disability, youth or agedness, or domestic relationship in transmitting the

---

[3] Accordingly, even if defendant's challenge at the sentencing hearing could be construed broadly enough to comprise this argument—thereby removing it from plain-error review—we would still conclude it lacks merit.

screenshots because that conduct did not occur until several months after the victim had ceased living in the trailer with him. Defendant, however, ignores that he was only able to create and disseminate the screenshots by virtue of his domestic relationship with the victim, and there was ample record support for the conclusion that, in doing so, defendant exploited that relationship "for selfish or unethical purposes." MCL 777.40(3)(b). We do not see reason to disrupt the trial court's 10-point score for OV 10 in this case.

## C.  APPLICABLE GUIDELINES RANGE

Although defendant's challenges to his sentence lack merit, resentencing is nonetheless warranted. As the prosecution correctly observes on appeal, it is clear from the record that defendant was sentenced based upon an incorrect guidelines range. When the trial court decided that OV 10 should be scored at 10 points rather than 15, neither it nor the parties realized that reducing the score in that manner resulted in a change of defendant's recommended guidelines range—from 29-114 months to 19-76 months. Although the sentence defendant received still falls within the correct, reduced range, he is entitled to resentencing in light of that correct range. See, e.g., *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006); *People v Stoner*, 339 Mich App 429, 439; 984 NW2d 775 (2021).

Affirmed in part, vacated in part, and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Kristina Robinson Garrett
/s/ Philip P. Mariani

-6-